Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and Keenan, JJ., and Whiting, Senior Justice

ARNOLD DORSEY ANDERSON

OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 951086        April 19, 1996

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal of a judgment entered in a probation revocation proceeding, we consider whether the exclusionary rule may be used to exclude evidence suppressed in a prior criminal proceeding.

Arnold Dorsey Anderson was convicted on December 18, 1989, in the Circuit Court of Nottoway County on four counts of cocaine distribution, possession of cocaine with the intent to distribute, and distribution of not more than one-half ounce of marijuana. Anderson's punishment was fixed at 20 years' imprisonment with 12 years of the sentence for each of the cocaine distribution offenses suspended, a suspended term of 40 years for the possession of cocaine offense, and a term of 30 days in jail for the marijuana offense.

In 1993, while at liberty on probation, Anderson was charged with possession of cocaine. The Circuit Court of Nottoway County suppressed most of the Commonwealth's evidence because it was obtained in violation of Anderson's Fourth Amendment rights and dismissed the prosecution. Subsequently, the Commonwealth initiated this probation revocation proceeding in the Circuit Court of Nottoway County and the court issued a capias requiring Anderson to show cause why his suspended sentences should not be revoked. During the probation revocation hearing, the Commonwealth introduced in evidence the same evidence which had

been suppressed in the 1993 criminal proceeding.  The suppressed evidence included:  "two baggies" containing cocaine residue which had been found in Anderson's bathrobe; Anderson's statements to the police that he had flushed marijuana down a toilet; and statements that he had purchased and sold a rock of crack cocaine and that he had consumed a portion of the cocaine.

Anderson objected to the admission of this evidence for two reasons.  First, Anderson asserted that the doctrine of collateral estoppel prohibits the Commonwealth from re-litigating the issue whether the search and seizure was constitutionally permissible because that issue had been decided adversely to the Commonwealth in the 1993 criminal proceeding.  Second, Anderson argued that the exclusionary rule prohibits the admission of that evidence.

The circuit court overruled Anderson's objections, considered the challenged evidence, revoked 20 years of Anderson's suspended sentence, and sentenced him to confinement in the penitentiary.  Anderson appealed the circuit court's judgment to the Court of Appeals and advanced the same arguments there.  The Court of Appeals affirmed the judgment of the circuit court, Anderson v. Commonwealth, 20 Va. App. 361, 457 S.E.2d 396 (1995), and we awarded Anderson an appeal.

Anderson asserts the same arguments on appeal that he advanced below.  Initially, we note that Anderson failed to make the record of the 1993 criminal proceedings part of this record, which is essential to our consideration of his claim of collateral estoppel.  Rhodes v. Commonwealth, 223 Va. 743, 749,

292 S.E.2d 373, 376 (1982).  Thus, we are unable to consider the merits of his assignment of error that "[t]he Commonwealth was barred by collateral estoppel from presenting the evidence, which was previously suppressed in a criminal trial, in a revocation of suspended sentence hearing."

Anderson contends that the circuit court erred in admitting the evidence that had been suppressed in the 1993 criminal proceeding.  We disagree.

The Fourth Amendment of the United States Constitution provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The Fourth Amendment does not contain any provision expressly prohibiting the use of evidence obtained in violation of the amendment.  Rather, the exclusionary rule is a judicially created remedy designed to deter future unlawful police conduct.  Elkins v. United States, 364 U.S. 206, 217 (1960).  And, as the United States Supreme Court observed in United States v. Calandra, 414 U.S. 338, 348 (1974):

> Despite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons.  As with any remedial device, the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served.

Further, the United States Court of Appeals for the Ninth Circuit, confronted with the identical issue as that before this Court, observed that the exclusionary rule "has never been

interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons . . . and any extension of the rule beyond its traditional applicability in criminal proceedings makes sense only if use of the remedy would deter or would likely deter police misconduct."  United States v. Winsett, 518 F.2d 51, 53-54 (9th Cir. 1975) (citations omitted).

We hold that the exclusionary rule is not applicable in a probation revocation proceeding absent a showing of bad faith on the part of the police.  There is a strong public interest in receiving all evidence relevant to the question whether a probationer has complied with the conditions of probation.  Application of the exclusionary rule in a probation revocation proceeding would frustrate the remedial and protective purposes of the probation system, because a court would not be permitted to consider relevant evidence of the probationer's rehabilitation or regression.  And, we observe that the exclusionary rule already served its deterrent purpose when the illegally seized evidence was excluded in the 1993 criminal proceeding.

We also note that most jurisdictions which have considered this issue have held that evidence seized in violation of the Fourth Amendment is admissible in a probation revocation hearing even though that evidence is not admissible in a criminal prosecution to determine guilt.  See, e.g., State v. Alfaro, 623 P.2d 8, 9-10 (Ariz. 1980); People v. Wilkerson, 541 P.2d 896, 898 (Colo. 1975); Bernhardt v. State, 288 So.2d 490, 500 (Fla. 1974); People v. Dowery, 312 N.E.2d 682, 685-87 (Ill. App. Ct. 1974), aff'd, 340 N.E.2d 529, 533 (Ill. 1975); Tiryung v. Commonwealth, 717 S.W.2d 503, 504

(Ky. Ct. App. 1986); State v. Caron, 334 A.2d 495, 499 (Me. 1975); Stale v. Thorsness, 528 P.2d 692, 695–96 (Mont. 1974); State v. Field, 571 A.2d 1276, 1279–80 (N.H. 1990); Commonwealth v. Davis, 336 A.2d 616, 621–22 (Pa. Super. Ct. 1975); State v. Kuhn, 499 P.2d 49, 51–52 (Wash. Ct. App. 1972), aff'd, 503 P.2d 1061 (Wash. 1972). But see Grimsley v. Dodson, 696 F.2d 303, 304–05 (4th Cir. 1982); United States v. Workman, 585 F.2d 1205, 1209–10 (4th Cir. 1978).

Accordingly, we will affirm the judgment of the Court of Appeals.

Affirmed.