COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


WILLIAM EUGENE JONES, S/K/A
 WILLIAM EUGENE JONES, JR.

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1128-98-4         JUDGE RUDOLPH BUMGARDNER, III
                                          MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                    Benjamin N. A. Kendrick, Judge

           Marvin D. Miller (Law Offices of Marvin D.
           Miller, on briefs), for appellant.

           Robert H. Anderson, III, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     The trial court convicted William Eugene Jones on his plea

of guilty of feloniously escaping from the custody of a court

pursuant to Code § 18.2-479.  On appeal, the defendant argues

the trial court could only have convicted him of a misdemeanor.

He contends that the trial court erred by not reducing the

sentence to a misdemeanor penalty or in not allowing him to

withdraw his guilty plea.  For the following reasons, we affirm.

     On March 13, 1997, the trial court convicted and sentenced

the defendant for distributing cocaine.  It then allowed him to

remain on electronic home detention until March 31, 1997 when it

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

ordered him to report to begin serving his sentence.  The

defendant did not appear as ordered and was charged with escape

under Code § 18.2-479.

At his trial for escape held September 10, 1997, the trial

court accepted a guilty plea.  Both sides stipulated the

evidence; the trial court ordered a pre-sentence report and

continued the case for sentencing.  When the pre-sentence report

was prepared, the trial court sentenced the defendant to five

years, with four years and three months suspended.

After sentencing, the defendant filed a motion to correct a

sentencing irregularity or alternatively to withdraw his guilty

plea.  The trial court held a hearing on April 10, 1998 but

denied the defendant's motion.  The defendant never claimed that

his plea was involuntary but claimed that his attorney did not

understand that he was on pretrial electronic home detention

when he failed to report to jail.  The defendant argues that

escape from pretrial detention could be no more than a

misdemeanor and the trial court abused its discretion by denying

him the relief requested.

The defendant has not provided a sufficient record for us

to review his claim of error.  The defendant must provide an

adequate record enabling this Court to determine whether the

trial court erred.  See Anderson v. Commonwealth, 251 Va. 437,

439, 470 S.E.2d 862, 863 (1996); Smith v. Commonwealth, 16 Va.

App. 630, 635, 432 S.E.2d 2, 6 (1993).  His claim of error is a

-

claim that the facts do not support his conviction of escape from the custody of a court.  However, the evidence at trial does not indicate any such error.  The parties stipulated that the defendant was "allowed to stay out on electronic detention" and that he did not report as ordered.  Neither he nor his attorney disputed the recitation of the facts.  The record supports the trial court's finding that he was guilty of the offense as charged, a violation of Code § 18.2-479.

To assess the defendant's claim, we need a record of the April 10, 1998 hearing when the trial court heard the motion. We most likely would also need a record of the sentencing portion of the March 13, 1997 trial and of the sentencing order that released the defendant to home electronic detention.  The defendant argues that the narrative portion of the pre-sentence report constitutes an official statement of facts needed to support his motion.  While a pre-sentence report is filed as a part of the record, see Code § 19.2-299, its narrative of trial proceedings is not a substitute for properly designated portions of the transcript or a statement of facts, or copies of the orders.  See Rule 5A:8.

Whether or not a defendant may withdraw a plea of guilty rests within the sound discretion of the trial court.  See Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949).  Again, we cannot assess this attack without a proper record of the hearing that considered the motion.  "When the

-

appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."  Rule 5A:8(b).

Accordingly, we affirm.

<u>Affirmed.</u>