COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Salem, Virginia


VIRGINIA ELECTRIC & POWER COMPANY
                                    MEMORANDUM OPINION* BY
v.    Record No. 2939-00-3        JUDGE RUDOLPH BUMGARDNER, III
                                       DECEMBER 11, 2001
WILLIAM FREZELL CRAWFORD


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Iris W. Redmond (Susan Moloney Smith;
            Midkiff, Muncie & Ross, P.C., on brief), for
            appellant.

            A. Thomas Lane, Jr., for appellee.


     Virginia Electric & Power Company appeals the Workers'

Compensation Commission's award of benefits to William Frezell

Crawford.  The employer contends the commission erred in finding

the worker (1) established a change in condition, (2) was not

barred by the statute of limitations, and (3) was not estopped

from asserting his claim.  For the following reasons, we affirm.

     The award arises from a change of condition application

filed February 22, 1999.  It alleged the worker's condition from

a 1992 injury had deteriorated to a temporary total disability.

The deputy commissioner awarded benefits, and the commission

affirmed the award.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The worker suffered a compensable injury by accident to his back on January 17, 1992 while working as a lineman. On February 27, 1992 he had L5-S1 surgery and has suffered from S1 radiculopathy on the right side since then. He received a number of different awards after the 1992 injury, was restricted to light duty, and worked thereafter in selective employment as a meter reader.

The worker twisted his back exiting a truck in March, 1997. The employer terminated the worker in April, 1997 when he was no longer able to work. He continued to have pain and weakness in his back and legs, wore a lumbar support belt and had a second laminectomy on October 30, 1997. After the operation his pain increased, and he needed a walker.

The worker applied for benefits alleging the injury arose out of the March, 1997 accident. He maintained that he could never go back to work because of that injury to his back, but the commission found that the injury did not arise out of the March, 1997 accident. This Court affirmed the commission on October 5, 1999. The worker then proceeded with this change of condition application.

First, we review the finding that the worker proved his current condition was a change of condition of the injury received in 1992. We review the evidence in the light most favorable to the worker, the prevailing party below. R.G. Moore

-

<u>Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

In an application for review of an award on the ground of a change in condition, the worker has the burden to prove his allegations by a preponderance of the evidence. <u>J.A. Jones Constr. Co. v. Martin</u>, 198 Va. 370, 373, 94 S.E.2d 202, 204 (1956). The commission's determination of causation is a factual finding that is binding on appeal when supported by credible evidence. <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Id.</u> (citation omitted).

After the laminectomy in October, 1997, the worker had increased pain and was unable to walk without a walker. On June 8, 1998, Dr. E. Franklin Pence, Jr. opined, "[B]ased on my examinations of the patient combined with the above testing and conversations with the patient's physical therapists, he has been and is still unable to work including a sedentary type position." Dr. Pence confirmed the presence of a radiculopathy on the right side and noted the "onset of pain in 1992."

Dr. David S. Klein examined the worker on July 6, 1999 and opined, "Clearly, the patient is suffering from the injury

-

sustained in 1992, which never resolved, resulted in a second surgery and worsening following that."

Dr. Bart W. Balint also examined the worker and reviewed his medical records. He opined on December 20, 1999: "[The] case is one of clear causality between his Worker Comp injury of 1992 and subsequent picture presenting at this time. His early studies show significant disc changes at both L4-5 and L5-S1. Unfortunately, his second work related injury caused the L4-5 disc to rupture and cause significant problems." Dr. Balint concluded in a letter to the worker's counsel: "It is my medical opinion that more probably than not, the above diagnosed conditions as correlated to [the worker] are directly related to [his] January 17, 1992 industrial accident. Furthermore, it is my medical opinion that Mr. Crawford is totally disabled as a result of the January 17, 1992 industrial accident."

Dr. Willie Thompson reviewed the worker's medical records at the employer's request. Dr. Thompson was "unable to establish a causal relationship between the patient's present symptoms and the injury of January 17, 1992." He concluded it was "impossible to relate the patient's present symptoms to a fall that occurred in January of 1992" and was in "total disagreement" with Dr. Balint's opinion.

Medical evidence is subject to the commission's consideration and weighing. Hungerford Mech. Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Drs. Klein

-

and Balint attributed the worker's current disability to his 1992 injury. They had reviewed the worker's medical records and examined him. While Dr. Thompson totally disagreed with their conclusion, he never examined the worker. As a result, the commission gave Dr. Thompson's opinion little weight. The fact that there is contrary evidence in the record "is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., 12 Va. App. at 894, 407 S.E.2d at 35. We conclude the commission did not err in finding that the worker proved a change in condition and that such change was caused by the 1992 injury.

Next, we consider whether the statute of limitations or doctrine of estoppel barred the worker's change-in-condition claim. The commission ruled that Code § 65.2-708 controlled and subsection (C)[1] extended the statute of limitations to March, 1999, which made the February, 1999 claim timely. The commission also ruled estoppel did not bar the claim because "the present Claim was not 'inconsistent' with prior

---

[1] Code § 65.2-708(C) provides:

> All wages paid, for a period not exceeding twenty-four consecutive months, to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury and (ii) who is provided work within his capacity at a wage equal to or greater than his pre-injury wage, shall be considered compensation.

litigation," and it was "for benefits relating to disability that was established by medical evidence dated after March 1997."

The employer maintains the applicable statute of limitations is the one-year limitation in Code § 65.2-501.  That section applies when the worker has not had a change in condition and is at the same disability level before and after an award.  Armstrong Furniture v. Elder, 4 Va. App. 238, 244, 356 S.E.2d 614, 617 (1987) (citing Code § 65.1-56, now Code § 65.2-501).  This case was a claim for change of condition: the worker had returned to light duty work, payments had ceased, and he claimed he was currently totally disabled.  Having concluded the evidence supported the commission's finding of a change of condition, we also conclude that Code § 65.2-501 does not control.

Code § 65.2-708(A) establishes a two-year statute of limitations for a change of condition application.  Subsection (C) extends that period "to prevent employers from lulling partially disabled workers into a false sense of security during this two year period by providing employees light duty work at their pre-injury wage for two years and then terminating the employee without liability for future disability benefits." Scott v. Scott & Am. Cas. Co., 16 Va. App. 815, 819, 433 S.E.2d 259, 262 (1993) (citation omitted).

-

In this case, the worker was restricted to light-duty work and worked as a meter reader after 1992. The medical records demonstrate continued weakness in his back and legs, inability to walk or sit for long periods of time, radiculopathy on the right side, and continued lifting and climbing restrictions. The worker never returned to his work as a lineman and was unable to do that work. The employer paid the worker for selective employment as a meter reader in lieu of benefits at a wage equal to or greater than his pre-injury wage until March, 1997. The two-year statute of limitations did not run until March, 1999, making the worker's application filed February, 1999 timely.

Finally, we consider whether the worker is estopped from claiming a change of condition. The employer contends that the worker asserted facts inconsistent with those used to prove his earlier claim that the March 17, 1997 accident caused his current disability. It maintains the worker filed the identical claim and alleged the 1992 accident caused the same condition after the commission found against him on the first claim.

We are not able to review this part of the decision by the commission because the appendix does not include the commission's earlier opinion or the evidence given in support of the first claim. We cannot decide the issue of estoppel without that information. Anderson v. Commonwealth, 251 Va. 437, 439, 470 S.E.2d 862, 863 (1996) (adequate record required to consider

-

estoppel argument).  Rule 5A:25(C)(3) provides that "[a]n appendix shall include . . . any testimony or other incidents of the case germane to the questions presented."  "The appendix is a tool vital to the function of the appellate process in Virginia. . . .  By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice."  Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979).  Because the appendix does not contain essential parts of the record, we do not decide this issue.

For the reasons stated, we affirm the commission's award of benefits.

Affirmed.

-