COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Felton and Haley
Argued at Richmond, Virginia


RICHARD C. SHULTZ

                                                      MEMORANDUM OPINION* BY
v.        Record No. 2684-04-2                   JUDGE RUDOLPH BUMGARDNER, III
                                                             JUNE 28, 2005
BEVERLY P. SHULTZ


                FROM THE CIRCUIT COURT OF NORTHUMBERLAND COUNTY
                        Joseph E. Spruill, Jr., Judge Designate

            Richard C. Shultz, *pro se*.

            James C. Breeden (Pamela C. Russell; Breeden & Breeden, on brief),
            for appellee.


        Richard C. Shultz appeals the decision that the parties had a binding agreement that

required no interpretation and that dismissed the cause from the docket. We conclude the record

on appeal is inadequate to address the issue presented and dismiss the appeal.

        The parties married in 1979, and the wife filed for divorce September 7, 2001. She

attached to her bill of complaint a one-page agreement, dated July 26, 1997, that stated neither

party claimed any marital rights in the other's property. The trial court entered a decree of

divorce March 18, 2003. It held *ore tenus* hearings May 20, 2003 and October 19, 2004 to

determine the validity of the parties' agreement.

        At the hearing May 20, 2003, it determined the agreement was binding but continued the

case to construe it. At the October 19, 2004 hearing, the trial court confirmed its ruling that the

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

agreement was valid and binding, but it ruled there was "nothing further to be done" and removed the cause from the docket. The husband appeals from that decision.

Neither evidentiary hearing on the validity of the agreement was transcribed. The statement of facts submitted by the husband does not address the proceedings at the *ore tenus* hearings. It contains none of the evidence, arguments, or objections presented by the parties.

The husband has the burden to provide an adequate record for appellate review. Anderson v. Commonwealth, 251 Va. 437, 439, 470 S.E.2d 862, 863 (1996) (inadequate record to consider estoppel claim). A party must "establish that the issue[] appealed . . . [was] raised in the trial court by an objection with a statement of the reasons therefor." Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (*en banc*). See Rule 5A:18. "If an insufficient record is furnished, the judgment appealed from will be affirmed." White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995).

Without an adequate record of what transpired before the trial court, "we must dismiss the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986) (Court dismissed defendant's argument that photographic spread was unduly suggestive because no transcript in evidence to consider witness's testimony). The husband failed to provide an adequate record for this Court to consider his argument on appeal. Accordingly, we dismiss the husband's appeal.

The wife has requested attorney's fees for this appeal, contending that the husband's claim is unjustified and frivolous. An award of attorney's fees is within the court's discretion. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Upon consideration of the record, we award reasonable attorney's fees and costs to wife and remand

this case to the trial court for determination of those fees and costs incurred on appeal, to include fees and costs incurred on remand to determine and collect this award.

<u>Dismissed and remanded.</u>