# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

    v.

John William Ludwig

January 25, 2006

Case No. (Criminal) 17337

BY JUDGE JAMES H. CHAMBLIN

    This case came before the Court on January 23, 2006, for a hearing to determine bail after the pretrial appeal taken by the Commonwealth of the order suppressing statements of the defendant to law enforcement.

    For the reasons hereinafter set forth, the defendant shall remain in custody without bail pending trial.

    By order entered January 17, 2006, the statements made by the defendant to two investigators of the Loudoun County Sheriff's Office on July 6, 2005, were suppressed because the statements were obtained in violation of *Edwards v. Arizona*, 451 U.S. 477 (1981), and its progeny, especially, *Minnick v. Mississippi*, 498 U.S. 146 (1990). On January 18, 2006, the Commonwealth noted an appeal of the order pursuant to Va. Code § 19.2-398.

    As a result of the appeal, under Va. Code § 19.2-406, the Court held the hearing on January 23, 2006, to determine the issue of bail. In addition, the defendant filed a Motion to Set Bond on January 18, 2006.

    The defendant is charged with first-degree murder and use of a firearm in committing a felony. Because the murder charge is considered an "act of

violence" under Va. Code § 19.2-297.1 and because the maximum sentence for first-degree murder is life imprisonment, there is a presumption against bail under Va. Code § 19.2-120(B).

Under Va. Code § 19.2-406, after the Commonwealth takes a pretrial appeal, the burden is on the Commonwealth at the hearing to determine bail "to show good cause why the bail should not be reduced or the accused released on his own recognizance."

The defendant argues that the burden imposed on the Commonwealth under Va. Code § 19.2-406 relieves the defendant of any burden to rebut the presumption against bail described in Va. Code § 19.2-120. I do not agree.

By its terms, the bail provisions of Va. Code § 19.2-120 apply to any "person who is held in custody pending trial." The defendant is such a person. On November 1, 2005, Judge Burke F. McCahill of this Court denied the defendant's motion for bond. See order entered herein on November 17, 2005. There is no exception in Va. Code § 19.2-120 for determination of bail under Va. Code § 19.2-406.

There is a logical reason to place the burden on the Commonwealth to show cause why bail should not be reduced or the accused should not be released on his own personal recognizance after the Commonwealth voluntarily elects to pursue a pretrial appeal. The pursuit of such an appeal will obviously be prejudicial to an accused held in custody pending trial. It could affect, among other things, his speedy trial rights and his ability to defend himself at trial. I see no reason, however, why the Commonwealth cannot take advantage of the presumption in meeting its burden to show cause.

In his Motion to Set Bond, the defendant asserts that the presumption against bail is violative of the Due Process Clause, citing *Francis v. Franklin*, 471 U.S. 307 (1985) (the United States Supreme Court case cited in the recent attacks on the statutory presumptions in DUI cases). Defense counsel did not argue this position at the hearing. *Francis* involved jury instructions concerning intent in a criminal case where a majority of the justices concluded that the instructions as given to the jury impermissibly relieved the prosecution from the burden of proving intent. *Francis* does not stand for the proposition that any mandatory presumption, even if rebuttable, in any stage of a criminal prosecution violates the Due Process Clause. Under Va. Code § 19.2-120, the presumption against bail is not conclusive, but is rebuttable. The burden still remains with the Commonwealth to offer evidence that an accused is not entitled to bail. I decline to rule that the presumption against bail is unconstitutional.

I find that the presumption against bail applies in a bail determination under Va. Code § 19.2-406.

The defendant also argues that his suppressed statements should not be considered in this bail determination under Va. Code § 19.2-406. I do not agree.

Counsel did not cite, and I have not found, any authority directly on point. However, there is some guidance to be found in general suppression law and a 1996 Virginia Supreme Court case ruling that the exclusionary rule is not applicable in a probation revocation proceeding absent a showing of bad faith on the part of the police.

As a general rule, if a statement of the defendant is suppressed, then the Commonwealth is not permitted to use the statement in its case-in-chief. However, the statement may be used to impeach the defendant. *Jones v. Commonwealth*, 228 Va. 427, 441 (1984), citing *Oregon v. Hass*, 420 U.S. 714 (1975).

In *Anderson v. Commonwealth*, 251 Va. 437 (1996), the Virginia Supreme Court ruled that the exclusionary rule is not applicable in a probation revocation proceeding absent a showing of bad faith on the part of the police. In reaching this conclusion, the Supreme Court focused on the reason for the exclusionary rule; it was created to deter future unlawful police conduct. The exclusionary rule serves its deterrent purpose when the evidence is excluded in the criminal prosecution when guilt or innocence is determined. A bail determination does not involve guilt or innocence, but involves issues of the accused's future appearance in court (flight risk) and danger to the accused himself or the public.

I do not think that the remedial objective of the exclusionary rule is served by excluding suppressed statements when issues of flight risk and dangerousness are involved, as opposed to guilt or innocence. I conclude that suppressed or excluded statements may be considered at a bail determination hearing.

After consideration of all the proffers, evidence, and argument of counsel, as well as the applicable presumption against bail, I find that the Commonwealth has shown good cause why the defendant should not be released on bail. The defendant's Motion to Set Bond is denied. I specifically find that there is probable cause to believe that the defendant will not appear for trial and that his liberty will constitute an unreasonable danger to himself and to the public.

The nature and circumstances of the offenses do not favor bail. The defendant has admitted shooting the victim. By the autopsy, the victim had eight gunshot wounds, and the cause of death was multiple gunshot wounds. The defendant attempted to commit suicide after shooting the victim. Only after he was unsuccessful, did he contact the Sheriff's Office.

The defendant has an extensive law enforcement background. His most recent work as a United States Marshal provided the defendant with multiple

forms of identification including credit cards and passports. He obviously has experience on how to work undercover and to move about without his true identity being detected.

I recognize that the defendant was cooperative with law enforcement officers during their investigation and that he has created no problems while in custody. I also recognize that he does have ties to the community and that his physical and mental health appear to have improved. However, these considerations do not come close to outweighing the considerations noted in the preceding two paragraphs.

Even if I were not to apply the presumption against bail and not to consider the suppressed statements, I think that the remaining evidence requires me to come to the same conclusion, the defendant should be held in custody without bail pending trial.

The defendant, of course, has the right to appeal this decision.