Present:  Hassell, C.J., Keenan, Koontz, Lemons, and Goodwyn, JJ., and Stephenson and Russell, S.JJ.

JAMES GREGORY LOGAN

OPINION BY
v. Record No. 072342  SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
September 12, 2008
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The dispositive issue in this appeal is whether the Court of Appeals erred in holding that the exclusionary rule never applies to evidence submitted in probation revocation proceedings, regardless of the searching officer's conduct or bad faith.

I

The facts relevant to the issue presented are not in dispute.  In 2002, James Gregory Logan was convicted of selling cocaine as an accommodation under Code § 18.2-248(D). He was sentenced to five years' imprisonment, with three years and seven months suspended upon condition that he be of good behavior for three years and six months from the date of his release from probation.  On August 22, 2003, Logan, while on probation, was arrested for possession of cocaine.  He was convicted and appealed his conviction to the Court of Appeals, contending that the search and seizure that yielded the contraband had violated his rights under the Fourth Amendment to the United States Constitution.  The Court of Appeals,

sitting en banc, reversed Logan's conviction on Fourth Amendment grounds, Logan v. Commonwealth, 47 Va. App. 168, 173, 622 S.E.2d 771, 773 (2005), and the Commonwealth did not appeal that decision.

The Commonwealth then sought to have Logan's probation revoked because he had violated the requirement that he be of good behavior. The Commonwealth argued that Logan's conduct in possessing cocaine while on probation was proved and that the exclusionary rule did not apply at a probation revocation hearing. Logan argued that the evidence obtained as a result of an unlawful search and seizure should be excluded from the probation revocation hearing because the police officer who made the warrantless search and seizure had acted in bad faith.

At the probation revocation hearing, Danville police officer Jerry Lee Pace, Jr. testified that he saw a man whom he thought was wanted for a felony. Officer Pace followed the man into a rooming house and up the stairs where he saw the man and a woman on the landing. The man, who possessed a piece of crack cocaine, was Logan. Logan was not the wanted felon.

The trial court conducting the probation revocation hearing found that the police officer had not acted in bad faith and that the evidence obtained from the officer's search

2

and seizure should not be excluded.  The court, therefore, revoked Logan's probation.  Logan filed an appeal with the Court of Appeals.

II

In the Court of Appeals, Logan contended, as he had done in the trial court, that the evidence obtained by Officer Pace should have been suppressed because the officer, in entering the rooming house, had acted in bad faith.  The Court of Appeals did not consider Logan's bad-faith argument, finding irrelevant the question whether the officer had acted in bad faith and holding that the exclusionary rule never applies in a probation revocation proceeding.  Logan v. Commonwealth, 50 Va. App. 518, 524, 651 S.E.2d 403, 406 (2007).

This holding by the Court of Appeals is contrary to Anderson v. Commonwealth, 251 Va. 437, 440, 470 S.E.2d 862, 863 (1996), in which we held that "the exclusionary rule is not applicable in a probation revocation proceeding absent a showing of bad faith on the part of the police."  (Emphasis added.)  The Court of Appeals ruled that the United States Supreme Court, in Pennsylvania Bd. of Probation & Parole v. Scott, 524 U.S. 357, 364 (1998), had nullified any reason to apply the exclusionary rule in a probation revocation proceeding, irrespective of the circumstances that led to the discovery of the evidence.  Logan, 50 Va. App. at 523-24, 651

3

S.E.2d at 405. The Court of Appeals, by rejecting the possible application of the "bad faith" exception, therefore found that Scott had overruled Anderson by implication. The Court of Appeals found that it was "governed by the principles set forth in Scott" and "constrained to find that the exclusionary rule does not apply to probation revocation hearings." Id. at 524, 651 S.E.2d at 406.

We conclude that the Court of Appeals' reliance on Scott is misplaced based upon three relevant distinctions between Scott and the present case. First, Scott involved a parolee, rather than a probationer, 524 U.S. at 360, and parolees "have fewer expectations of privacy than probationers, because parole is more akin to imprisonment than probation is to imprisonment," Samson v. California, 547 U.S. 843, 850 (2006). Second, the parolee in Scott had explicitly consented to a search of the house and his person as a condition of parole. 524 U.S. at 360. Third, a parole revocation hearing is an administrative proceeding, and "[a]pplication of the exclusionary rule would . . . alter the traditionally flexible, administrative nature of parole revocation proceedings." Id. at 364. Therefore, we reaffirm our holding in Anderson and rule that the Court of Appeals erred in holding that the exclusionary rule never applies in probation

revocation proceedings and in failing to consider Logan's bad-faith argument.

III

Accordingly, we will reverse the judgment of the Court of Appeals and remand the case to the Court of Appeals for a review of Logan's challenge to the trial court's determination that the police officer's actions did not constitute bad faith.

Reversed and remanded.