Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons,
         and Millette, JJ., and Russell, S.J.

JAMES GREGORY LOGAN                          OPINION BY
                                    SENIOR JUSTICE CHARLES S. RUSSELL
v.  Record No. 090706                    January 15, 2010

COMMONWEALTH OF VIRGINIA

              FROM THE COURT OF APPEALS OF VIRGINIA

     This appeal requires us to revisit the question of the

application of the exclusionary rule to probation revocation

proceedings.  Reaffirming our holding in Anderson v.

Commonwealth, 251 Va. 437, 470 S.E.2d 862 (1996), we hold that

the exclusionary rule is not applicable in probation

revocation proceedings absent a showing of bad faith on the

part of the police.

                     Facts and Proceedings

     On August 22, 2003, Danville Police Officer Jerry L. Pace

followed James Gregory Logan into a rooming house under the

mistaken apprehension that Logan was a man named Chappell for

whom there was an outstanding felony warrant.  Logan, a

resident of the rooming house, was standing on the second-

floor landing of a stairway leading upward from the entrance

hall.  Officer Pace saw Logan hand a piece of crack cocaine to

another person and arrested him for possession of cocaine.

This event gave rise to a ramified chain of proceedings

leading to the present appeal.

Logan's motion to suppress the Commonwealth's evidence on Fourth Amendment grounds was denied by the Circuit Court of the City of Danville, which held that Logan had no expectation of privacy in the common areas of the rooming house. He was convicted of possession of cocaine and sentenced to four years and six months imprisonment, with three years suspended. That conviction was reversed by the Court of Appeals sitting en banc on the ground that the evidence obtained pursuant to the officer's warrantless entry into the rooming house violated Logan's rights under the Fourth Amendment. Logan v. Commonwealth, 47 Va. App. 168, 622 S.E.2d 771 (2005)[1] (Logan II). The Commonwealth did not appeal that reversal.

At all times pertinent to Logan II, Logan was on probation for an earlier conviction, in the same circuit court, for distribution of cocaine as an accommodation in 2001 (Logan I). In that case he was sentenced, on March 15, 2002, to five years imprisonment. The sentence was suspended, conditioned upon Logan's serving one year and five months imprisonment, followed by 12 months of supervised probation, with Logan to be of good behavior for three years and six months after his release from probation.

---

[1] The Court of Appeals, en banc, affirmed the prior decision of a panel of the Court, but did so on the narrow ground that the Commonwealth had conceded that the rooming house was not open to the general public. Id.

After the conviction in Logan II, the officer supervising Logan's probation under Logan I reported to the court that Logan had not been of good behavior based upon the facts leading to his conviction in Logan II. Logan was brought before the court on a rule to show cause and counsel was appointed for him, but the revocation hearing was continued until the Court of Appeals decided Logan II. After the Court of Appeals reversed the conviction in Logan II, Logan's counsel moved the circuit court to dismiss the rule to show cause, contending that the Commonwealth's effort to revoke Logan's probation from Logan I was now based solely upon a conviction that had been vacated. The Commonwealth asked the court to revoke probation notwithstanding the reversal, based not upon the conviction but upon Logan's failure to be of good behavior. The circuit court denied the motion to dismiss and entered an order revoking suspension of the sentence imposed in Logan I.

Logan appealed the revocation order to the Court of Appeals. A panel of that Court held, based upon federal decisions, that the exclusionary rule is never applicable in probation revocation proceedings. Logan v. Commonwealth, 50 Va. App. 518, 524, 651 S.E.2d 403, 406 (2007). We awarded Logan an appeal from that judgment and reversed it, remanding the case to the Court of Appeals for consideration of Logan's

3

contention that the circuit court had erred in finding that Officer Pace had not acted in bad faith. In so ruling, we held that the Court of Appeals' reliance on federal decisions was misplaced and that the application of the exclusionary rule to probation revocation proceedings continued to be as we expressed it in Anderson. Logan v. Commonwealth, 276 Va. 533, 535-36, 666 S.E.2d 346, 347-48 (2008).

Upon remand, the Court of Appeals held that the record contained no evidence to support a finding that Officer Pace had acted in bad faith. The officer testified that he had been in the rooming house on prior occasions and had seen no signs to indicate that it was not open to the general public.[2] The Court concluded that, although the Commonwealth later conceded that the rooming house was not in fact open to the general public, "[the fact that the officer] was mistaken, however, does not mean that he acted in bad faith." Logan v. Commonwealth, 53 Va. App. 520, 526, 673 S.E.2d 496, 499 (2009). The Court of Appeals affirmed the circuit court's determination that Officer Pace's actions did not warrant the

---

[2] Another witness testified that there were signs at and near the front door saying "No Trespassing" and "Ring or Knock to Enter." Officer Pace testified that the only signs he saw said merely "Rooms." He said that when he entered, "it was a storm door, and there's a wooden door on the inside, but at that particular time it was standing open."

exclusion of his evidence at the probation revocation hearing. Id. at 527, 673 S.E.2d at 499. We awarded Logan an appeal.

## Analysis

In Anderson, we said:

> We hold that the exclusionary rule is not applicable in a probation revocation proceeding absent a showing of bad faith on the part of the police. There is a strong public interest in receiving all evidence relevant to the question whether a probationer has complied with the conditions of probation. Application of the exclusionary rule in a probation revocation proceeding would frustrate the remedial and protective purposes of the probation system, because a court would not be permitted to consider relevant evidence of the probationer's rehabilitation or regression.

251 Va. at 440, 470 S.E.2d at 863. We continue to adhere to that holding. In Anderson, we explained the difference between the application of the exclusionary rule in a criminal trial and its application in probation revocation proceedings. The rule is a judicially-created remedy, not an individual's constitutional right. The purpose of the rule is to deter future unlawful police conduct. Exclusion of unlawfully seized evidence at trial makes its seizure profitless to the police. Excluding it in a probation revocation proceeding will ordinarily serve only to impede the search for truth where the inquiry is whether the defendant has violated the terms of his probation. Id.

5

The circuit court made an express factual finding that the officer did not act in bad faith. Such findings are binding upon appeal unless they are plainly wrong or without evidence to support them because the credibility of witnesses and the weight accorded to evidence are matters solely for the fact-finder, who has an opportunity to see and hear that evidence as it is presented. Elliott v. Commonwealth, 277 Va. 457, 462-63, 675 S.E.2d 178, 181 (2009).

"Bad faith," in Fourth Amendment jurisprudence, is not the mere opposite of "good faith," as those terms have been judicially defined. In applying the bad faith exception stated in Anderson, exclusion of proof is warranted only upon a showing of conscious wrongdoing by an officer.[3] Absence of the objective "good faith" required for certain constitutional exceptions to the warrant requirement is not sufficient to trigger the exclusionary rule in probation revocation proceedings. The United States Supreme Court has repeatedly refused to apply Fourth Amendment exclusion standards to probation revocation proceedings. Pennsylvania Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 363-64 (1998).

---

[3] "Bad faith" is defined differently in the civil context, but even there it connotes the "conscious doing of a wrong." See Black's Law Dictionary 139 (6th ed. 1990).

A "good faith" analysis, in Fourth Amendment cases, turns upon a purely objective determination: the conclusion an objective police officer would reasonably have drawn under the circumstances known to him at the time of the search rather than the officer's subjective motivation or state of mind. Brigham City v. Stuart, 547 U.S. 398, 404 (2006); Illinois v. Krull, 480 U.S. 340, 349-50 (1987); United States v. Leon, 468 U.S. 897, 922 n.23 (1984); Robinson v. Commonwealth, 273 Va. 26, 34-38, 639 S.E.2d 217, 222-24 (2007).

A "bad faith" analysis, by contrast, turns almost entirely upon the subjective motivation or state of mind of the police officer making the search. In order to invoke the exclusionary rule in a probation revocation case, the evidence must show that the officer making the search was motivated by bias, personal animus, a desire to harass, a conscious intent to circumvent the law, or a similar improper motive. See Commonwealth v. Michaliga, 947 A.2d 786, 792-93 (Pa. Super. 2008) (bad faith is not simply bad judgment or negligence but rather it implies conscious wrongdoing); Spencer v. State, 667 S.E.2d 223, 225 (Ga. Ct. App. 2008) (police must not act in bad faith or in an arbitrary or capricious manner when searching a probationer); Plue v. State, 721 N.E.2d 308, 310 (Ind. Ct. App. 1999) (evidence seized illegally will be

7

excluded in a revocation proceeding if seized as part of a continuing plan of police harassment).

The record in the present case is devoid of evidence that would tend to show any such motivation on the part of Officer Pace.  Therefore, applying the rule in Anderson, we will affirm the judgment of the Court of Appeals insofar as it upholds the revocation of Logan's probation and suspended sentence.

Four months after we had remanded this case to the Court of Appeals for reconsideration of Logan's bad faith claim, the Supreme Court of the United States decided Herring v. United States, 555 U.S. ___, 129 S.Ct. 695 (2009).  That case involved the application of the exclusionary rule to evidence seized in a search that violated the Fourth Amendment because the police were mistakenly told that the defendant was wanted on an outstanding warrant in an adjoining county, when in fact that warrant had been recalled but the adjoining county's database had not been updated to show the recall.  Herring involved the application of the exclusionary rule to evidence offered at a criminal trial, not a probation revocation proceeding.  On remand, the Court of Appeals nevertheless applied the reasoning of Herring to the question of bad faith we had directed it to consider.  That application may be read to substitute an objective "good faith" test for the

admissibility, in probation revocation proceedings, of evidence that has been seized in violation of the Fourth Amendment.

Because we adhere to the requirement that bad faith must be shown in order to trigger the application of the exclusionary rule in probation revocation proceedings, we expressly overrule the opinion of the Court of Appeals in Logan v. Commonwealth, 53 Va. App. 520, 673 S.E.2d 209 (2009), insofar as it may be read to suggest that our holding in Anderson is in any way altered.

Affirmed.

9