UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Chafin and Russell
Argued at Richmond, Virginia

ANDRE CORDELL MASON, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 0312-15-2             JUDGE WESLEY G. RUSSELL, JR.
DECEMBER 29, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Nathan C. Lee, Judge

James T. Maloney (Joseph D. Morrissey; James T. Maloney, PC;
Morrissey & Goldman, LLC, on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Andre Cordell Mason, Jr., appellant, appeals the revocation of his suspended sentence

stemming from his conviction on two counts of distributing cocaine. On appeal, appellant contends

that the circuit court erred in allowing the Commonwealth to present evidence during the revocation

hearing regarding allegations for which he had not received written notice. For the reasons that

follow, we agree with appellant. Accordingly, we reverse the decision of the circuit court and

remand the case for further proceedings if the Commonwealth be so advised.

BACKGROUND

Appellant was convicted on October 27, 2010, of two counts of distribution of cocaine and

received a total sentence of ten years incarceration with eight years and eleven months suspended,

subject to conditions. After serving the initial term of confinement, appellant was released on

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

probation. On May 23, 2014, a probation officer wrote a letter to the Hopewell Commonwealth's Attorney regarding appellant's probationary status:

> A Record Check investigation conducted reveals [appellant] was convicted on January 10, 2013 in Prince George County Circuit Court for Possession of Cocaine. He received ten (10) years with nine (9) years suspended for ten (10) years of good behavior. [Appellant] was placed on supervised [probation] to begin after his release from incarceration.
>
> It is noted a detainer was placed on [appellant's] release as he has pending charges for 1st Degree Murder, Malicious Wounding, Non-violent Felon Possession of Gun within 10 years of Offense and two counts of Use Firearm in Felony 1st Offense in Hopewell Circuit Court. The offense date for these charges is December 3, 2012.

Based on this letter, the Commonwealth's Attorney requested the circuit court to issue a capias for appellant and to conduct a revocation hearing. The letter from the probation officer was attached to the request.[1] The circuit court ordered the issuance of a capias, directing appellant to "show cause if any he can why he has failed to comply with the term and conditions of his suspended sentence."

On January 21, 2015, the circuit court held a hearing to determine whether appellant had violated the terms of his suspended sentence. As a preliminary matter, appellant objected to the Commonwealth presenting any evidence of the details of appellant's pending charges in Hopewell.[2] While appellant agreed that the factual content of the probation violation letter was accurate and that the charges were pending, he argued that the letter provided no details of the conduct underlying the charges, and therefore, appellant did not receive proper notice of the allegations against him. As a

_____

[1] It is undisputed that appellant received a copy of the probation officer's letter well in advance of the revocation proceeding.

[2] At the time of the hearing, the Hopewell charges had resulted in two mistrials and a retrial was pending. In addition to the objection regarding an alleged lack of notice, appellant also argued that the circuit court should "await a [final] disposition on [the Hopewell charges] before going forward" with the Hopewell charges as a basis for revoking appellant's probation.

result, he argued, the Commonwealth should be prevented from presenting the specific bad acts establishing the basis of the new charges.[3]

In addition, the Commonwealth introduced copies of appellant's arrest warrants from Petersburg for offenses allegedly occurring on January 10, 2013. Specifically, the Commonwealth introduced arrest warrants charging appellant with felony eluding and attempted capital murder. The prosecutor stated his intent to introduce testimony from a detective and video evidence regarding the incidents giving rise to the warrants.[4]

Appellant objected, arguing that neither the warrants nor any behavior giving rise to the warrants were mentioned in the notice of violation letter. Specifically, he argued that the Petersburg charges were "not mentioned at all in the probation letter. . . . [The letter references] the conviction in Prince George and . . . the pending charges in Hopewell." Appellant contended this lack of written notice of the Petersburg charges violated his due process rights and that he was not prepared to address the Petersburg allegations that day.

The Commonwealth responded by stating that it "[d]oesn't matter whether it was mentioned in that letter. That letter is not the totality of bad behavior the Commonwealth is about to produce to the Court." The Commonwealth also argued that appellant suffered no prejudice from a lack of written notice because appellant's counsel in the revocation proceeding was also

---

[3] Appellant did not object to the Commonwealth introducing a copy of his conviction order from Prince George Circuit Court for possession of cocaine. Although the trial was held on January 10, 2013, the court entered its written order on January 28, 2013, and therefore, the transcript refers to Exhibit One as the January 28, 2013 conviction.

[4] The charges in Petersburg had been *nolle prosequied* prior to the revocation hearing.

his counsel on the Petersburg charges[5] and that the Commonwealth previously had raised the possibility that the Petersburg charges would be utilized during the revocation proceeding in a conversation with appellant's counsel.

Having heard the arguments of the parties, the circuit court allowed the Commonwealth to proceed on the allegations related to the Prince George conviction, the Hopewell charges, and the Petersburg charges. The circuit court noted appellant's exception to the ruling. Although the circuit court never offered to continue the matter, it did state that "we're going to proceed and I guess if I get to the end and you convince me you need additional time to respond to some of this, I can consider that." Appellant never requested a continuance.

During the presentation of the evidence, the Commonwealth called two inmates from Riverside Regional Jail. Each witness testified that, while incarcerated, appellant admitted to committing the murder that was the basis for the Hopewell charges. The Commonwealth also called Detective B.W. Chester, who had investigated a shooting that occurred in Petersburg on January 10, 2013. Detective Chester testified regarding appellant's involvement in that incident and that appellant eventually was charged with attempted capital murder, use of a firearm, and felony eluding as a result of the investigation.

At the close of the hearing, the court found appellant violated the terms and conditions of his suspended sentence and imposed the eight years and eleven months that previously had been suspended. In doing so, the circuit court detailed what it deemed a pattern of "violence" since the original convictions, making specific reference to the Hopewell and Petersburg charges.

---

[5] The Commonwealth recognized at oral argument that the fact that appellant's counsel for the revocation proceeding was the same as his counsel for the Petersburg charges did not mean that appellant was not prejudiced by the lack of notice. The Commonwealth correctly conceded that, despite a general familiarity with all of his cases, an attorney is likely better prepared to argue those cases for which he has received notice that the case will, in fact, be argued on that day.

ANALYSIS

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" Price v. Commonwealth, 51 Va. App. 443, 448, 658 S.E.2d 700, 703 (2008) (quoting Pierce v. Commonwealth, 48 Va. App. 660, 667, 633 S.E.2d 755, 758 (2006)). Because a probationer already has been convicted, a revocation proceeding "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply . . . ." Morrissey v. Brewer, 408 U.S. 471, 481 (1971) (referencing parole proceedings); see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1972) (holding that "[p]robation revocation, like parole revocation is not a stage of a criminal prosecution").

Although a probationer is not entitled to all of the protections afforded criminal defendants, due process requires that certain protections be provided. Relevant here, the Virginia Supreme Court has recognized that due process requires that the subjects of revocation proceedings be provided (among other things) "*written notice of the claimed violations* of [probation] . . . ." Henderson v. Commonwealth, 285 Va. 318, 326, 736 S.E.2d 901, 905 (2013) (emphasis added) (quoting Morrissey, 408 U.S. at 489).

Appellant argues that the circuit court neither should have admitted evidence regarding nor considered the Hopewell and Petersburg charges/incidents at the revocation proceeding. Normally, "'the determination of the admissibility of relevant evidence is within the sound discretion of the trial court subject to the test of abuse of that discretion.'" Holloman v. Commonwealth, 65 Va. App. 147, 168, 775 S.E.2d 434, 445 (2015) (quoting Beck v. Commonwealth, 253 Va. 373, 384-85, 484 S.E.2d 898, 905 (1997)). Here, however, appellant contends that the admission of evidence regarding the Hopewell and Petersburg charges/incidents constituted a denial of due process. "The application of the abuse of discretion standard of review is inappropriate when

- 5 -

considering [a] due process issue." Henderson, 285 Va. at 329, 736 S.E.2d at 907. "[W]hether a defendant's due process rights are violated by the admission of evidence is a question of law, to which we apply a *de novo* standard of review." Id.

Sufficiency of the Notice

Appellant argues that he did not receive constitutionally sufficient notice regarding either the Hopewell or Petersburg charges/incidents. We review each in turn.

With respect to the Hopewell charges/incident, appellant concedes the charges are referenced in the written notice that he received. He argues that, without an express statement that the Hopewell incident would be a part of the revocation proceeding, the notice's reference to the existence of a detainer on those charges was insufficient to place him on notice that the incident in Hopewell would be raised at the revocation proceeding. We disagree.

Although due process requires that written notice be provided in post-conviction proceedings, such notice is not to be equated with the notice requirements of a formal charging document in a criminal proceeding. See Hines v. State, 358 So.2d 183, 185 (Fla. 1978) (The written notice in revocation proceedings "need not be set forth with the specificity required in criminal indictments and informations. The primary goal is notice comporting with minimal due process rights."). Rather, the due process protection is based primarily on concerns that the administrative proceeding be conducted with basic fairness to the parolee or probationer. Copeland v. Commonwealth, 14 Va. App. 754, 756, 419 S.E.2d 294, 295-96 (1992) (citing Howie v. Commonwealth, 222 Va. 625, 283 S.E.2d 197 (1981)) (finding that due process requirements for notice in post-conviction proceedings were satisfied by substantial compliance); Logan v. Commonwealth, 50 Va. App. 518, 525-26, 651 S.E.2d 403, 406 (2007), rev'd on other grounds, 276 Va. 533, 666 S.E.2d 346 (2008).

Here, by way of the circuit court's capias order, appellant had written notice that the Commonwealth had initiated a revocation proceeding based on his alleged failure "to comply with the term[s] and conditions of his suspended sentence." Furthermore, from his receipt of the probation officer's letter that was the genesis of the proceeding, appellant knew that the document initiating the revocation proceeding referenced both the Prince George conviction and the circumstances leading to the Hopewell charges, either of which, if true, constituted violations of the conditions of his suspended sentence. Although the better practice would have been for the Commonwealth to provide expressly in the written notice that it intended to seek revocation based on both the Prince George conviction and the incident in Hopewell, we find that, considering all of the circumstances, appellant received sufficient notice regarding the Hopewell charges/incident to satisfy the requirements of due process.

The Petersburg charges/incident, however, are a different matter. None of the writings provided to appellant referenced, in any way, the Petersburg charges. Confined to the writings provided, no one would have anticipated that the Commonwealth would seek to admit evidence about the events in Petersburg. At oral argument, the Commonwealth conceded this point, stating that the notice regarding the Petersburg charges/incident was "probably inadequate." Although we are not bound by this concession,[6] we concur that the complete absence of any written notice even suggesting that the Petersburg incident might be raised at the revocation proceeding fails to satisfy the limited due process interests a probationer has regarding notice.[7]

---

[6] "[W]e are not bound by concessions of law by the parties." Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (*en banc*), aff'd on other grounds, 273 Va. 410, 641 S.E.2d 77 (2007).

[7] In the proceeding below, the Commonwealth indicated that verbal notice had been given to appellant's counsel, stating that he had "mentioned this" to appellant's counsel. Assuming without deciding that there might be a circumstance in which verbal notice would be sufficiently specific and detailed to render the failure to provide the required written notice harmless error, we find this is not such a case.

Accordingly, it was error for the circuit court to admit and consider evidence related to the Petersburg charges/incident.

Harmless Error

Having determined that the circuit court erred, we must determine whether that error was harmless. "A due process violation at a revocation proceeding is subject to harmless error analysis." United States v. Verduzco, 330 F.3d 1182, 1184 (9th Cir. 2003) (internal quotation marks and citations omitted). See also Code § 8.01-678.[8]

Appellant candidly concedes that the circuit court could have revoked his suspended sentence and imposed all of the previously suspended period of incarceration based on the new conviction from Prince George alone. The Commonwealth, however, extensively argued that the Petersburg charges/incident made revocation appropriate, and the circuit court did not limit the basis for its imposition of the entire suspended sentence to the new conviction. Rather, in imposing the previously suspended sentence in its entirety, the circuit court detailed what it deemed a pattern of "violence" since the original convictions, making specific reference to the events that formed the basis of the Petersburg charges. Thus, argues appellant, we cannot find that the circuit court would have imposed the same sentence absent the improper consideration of the Petersburg charges/incident; we agree.[9]

---

[8] We need not decide if traditional harmless error review, see Kotteakos v. United States, 328 U.S. 750 (1946) (defining harmless error review as determining whether an error had a "substantial and injurious effect or influence in determining the" outcome), or federal constitutional harmless error review, see Chapman v. California, 386 U.S. 18, 23 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."), applies in this case because the error was not harmless under either standard.

[9] We note that, although the concession is not binding upon us, the Commonwealth candidly conceded that, if consideration of the Petersburg incident were error, it was not harmless because the circuit court's comments made clear that the Petersburg incident was at least part of the reason that all of the previously suspended sentence was imposed.

The Virginia Supreme Court was faced with a similar scenario in Turner v. Commonwealth, 278 Va. 739, 685 S.E.2d 665 (2009). In Turner, the Court acknowledged that there was sufficient admissible evidence before the circuit court to support the revocation of the suspended sentence, id. at 744, 698 S.E.2d at 668, but recognized that such a finding did not render the erroneous admission of evidence harmless. Specifically, the Court held that

> [w]e cannot, however, say that the error of receiving evidence [that should not have been considered] was harmless because we cannot ascertain from the record the extent, if any, to which the error may have contributed to the punishment imposed. The court had before it a spectrum of available penalties ranging from "Probation/No incarceration" . . . to revocation of the entire period of suspension, the penalty the court decided upon. From the argument of counsel and the court's remarks at the revocation hearing, it appears likely that the evidence erroneously admitted was at least a contributing factor in the court's decision.

Id. Based on the rationale of Turner, we cannot say that the circuit court's erroneous consideration of the Petersburg incident was harmless.

### Need for a Continuance

Having conceded that the notice was "probably inadequate" and that appellant suffered at least some prejudice from the lack of notice, the Commonwealth argues that reversal is inappropriate because appellant failed to request a continuance. In essence, the Commonwealth argues that appellant had a duty to save the Commonwealth from itself.

The Commonwealth relies heavily on our initial decision in <u>Logan</u>.[10]  In <u>Logan</u>, Logan "claim[ed that] he was never given written notice of the nature of this alleged violation . . . ," 50 Va. App. at 525, 651 S.E.2d at 406, and thus, argued that the proceedings failed to comport with due process.  We rejected his argument for two reasons.  First, we found that the record "belie[d] this argument" for Logan, in fact, had "received written notice from the Commonwealth and he knew what probation violations were lodged against him."  <u>Id.</u> at 525-26, 651 S.E.2d at 406.

Additionally, we noted that Logan effectively had waived his notice objection by his conduct at the revocation proceeding.  Specifically, we noted that Logan

> was given the opportunity to cure the purported defect in the notice.  Appellant three times declined the trial court's offer to continue this matter in order that he be properly served with notice.  Indeed, no litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate -- to invite error and then to take advantage of the situation created by his own wrong.  Accordingly, appellant cannot now complain that the trial court erred in revoking his suspended sentence without notice when he himself refused to accept the court's invitation to remedy any defect in service by continuing the matter to a later date.

<u>Id.</u> at 526, 651 S.E.2d 406-07 (internal quotation marks, alterations, and citations omitted).

Unlike Logan, appellant never received written notice that even suggested that the underlying events from Petersburg would be raised at the revocation hearing.  Furthermore, although he repeatedly argued before the circuit court that he was not prepared to go forward

---

[10] As noted above, our initial decision in <u>Logan</u> ("<u>Logan</u> I") was reversed by the Virginia Supreme Court, which remanded the case to this Court for further proceedings.  <u>Logan v. Commonwealth</u>, 276 Va. 533, 666 S.E.2d 346 (2008).  On remand, this Court issued another published opinion, <u>Logan v. Commonwealth</u>, 53 Va. App. 520, 673 S.E.2d 496 (2009) ("<u>Logan</u> II").  In turn, the Virginia Supreme Court affirmed the result in <u>Logan</u> II, but expressly overruled this Court's opinion "insofar as it may be read to suggest that [the Virginia Supreme Court's] holding in <u>Anderson</u> [v. Commonwealth, 251 Va. 437, 470 S.E.2d 862 (1996),] is in any way altered."  <u>Logan v. Commonwealth</u>, 279 Va. 288, 294, 688 S.E.2d 275, 279 (2010).  Because the portion of <u>Logan</u> I related to a probationer's rejection of an offered continuance was not addressed in the case's subsequent history, we continue to adhere to that portion of <u>Logan</u> I.

regarding the Petersburg incident, appellant was never offered a continuance by the circuit court. Thus, unlike Logan, appellant did not approbate and reprobate.

Conceding that appellant was never affirmatively offered a continuance, the Commonwealth contends that appellant was required to ask for one and points to a statement from the circuit court that it would *consider* a request for a continuance, if one were made, after the evidentiary portion of the proceeding was completed. An offer to continue a case and an offer to consider a request to continue a case are different. Under the circumstances of this case, the difference is significant enough that we decline to read Logan as requiring a litigant in appellant's position to request a continuance. Absent an actual offer of a continuance from the circuit court, appellant's repeated objections to the lack of notice and the resultant prejudice described above are sufficient to preserve the issue for our review.

## Remedy

Although appellant on brief requested that we reverse and dismiss the matter, appellant conceded at oral argument that remand was appropriate. Accordingly, we remand the matter to the circuit court for further proceedings consistent with this opinion if the Commonwealth be so advised.

## CONCLUSION

Because due process required the Commonwealth to provide appellant written notice of its intention to seek revocation based on the Petersburg charges/incident, it was error for the circuit court to consider the same. Accordingly, the judgment of the circuit court is reversed and the matter remanded for further proceedings consistent with this opinion if the Commonwealth be so advised.

Reversed and remanded.