## Richmond

RUBEN EDWARD MOORE, ETC. V. COMMONWEALTH OF VIRGINIA.

March 8, 1971.

Record No. 7370.

Present, All the Justices.

*F. Lee Ford* (*Philip L. Avis; Ford, Avis, Avis & Scott*, on brief), for plaintiff in error.

*William P. Robinson, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Ruben Edward Moore, the defendant, was convicted of rape and sentenced to life imprisonment. The only real question presented concerns the admissibility of certain evidence secured in a search of the defendant's home under a search warrant issued by a justice of the peace.

The defendant contends that the search warrant was invalid because it was based upon a defective affidavit. He makes a two-pronged attack on the affidavit, saying, first, that it failed to allege the offense in relation to which the search was to be made and, secondly, that it failed to allege sufficient material facts to show probable cause for issuance of the warrant.

The Attorney General concedes that the affidavit was defective in the respects just listed. He answers the defendant's second attack upon the affidavit by contending that the failure to allege sufficient facts to show probable cause may be remedied by resorting to additional sworn information given the justice of the peace by the police officer who sought the search warrant.

The Attorney General does not answer the defendant's first claim of deficiency in the affidavit. However, we think that claim is meritorious and due threshold consideration. So we do not reach the question whether the Attorney General is correct in his contention with regard to probable cause.

■ Code § 19.1-85 lists what is required to be included in an affidavit for a search warrant and provides that no "such warrant shall be issued on an affidavit omitting such essentials." One of the essentials listed is that the affidavit allege "substantially the offense in relation to which such search is to be made."

The affidavit in this case stated that the offense in relation to which the search was to be made was "implements used in commission of a felony." This did not allege, substantially or otherwise, *any* offense. Omission of this essential allegation rendered the affidavit defective, the search warrant invalid, and the evidence secured in the ensuing search inadmissible.

■ The defendant also complains of the admission of certain other evidence consisting of hair samples taken from his person by the police following arrest. The claim is that the admission of this evidence violated the defendant's right against self-incrimination.

■ Aside from the fact that the evidence was admissible anyway under *Schmerber* v. *California*, 384 U.S. 757 (1966), the defendant should not be heard to complain. The hair samples were admitted into evidence on his own motion.

The judgment appealed from will be reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*