## Richmond

NICHOLAS LEE SKINNER v. COMMONWEALTH OF VIRGINIA.

October 11, 1971.

Record Nos. 7577 and 7578.

Present, All the Justices.

*William A. Young, Jr. (Aldine J. Coffman, Jr.; Coffman & Coffman,* on brief), for plaintiff in error in Record Nos. 7577 and 7578.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7577 and 7578.

I'ANSON, J., delivered the opinion of the court.

Nicholas Lee Skinner, defendant, was found guilty by a jury on indictments charging rape and abduction. His punishment was fixed at life imprisonment on the rape charge and 20 years imprisonment on the abduction charge. The defendant was sentenced in accordance with the jury's verdicts, and he is here on writs of error to the judgments.

Defendant contends that the trial court erred (1) in excluding as evidence the results of a lie detector test; (2) in allowing evidence of the results of laboratory tests made of hair samples; (3) in admitting evidence illegally seized; (4) in allowing in evidence certain incriminating statements; and (5) in refusing certain instructions.

The evidence shows that on the evening of March 28, 1969, a sixteen-year-old girl was baby sitting in the Virginia Beach home of a neighbor. The girl put her charges to bed early in the evening and was watching television when she fell asleep around 11:00 p.m. She was suddenly awakened when several bullets came through the front window of the home, one striking her in the shoulder and another in the knee. A man, whom the girl later identified as the defendant, kicked in the front door of the home. The intruder entered, grabbed the girl, struck her in the mouth, and took her out of the house. He carried her into a wooded area, put her down near a "big tree," and raped her. He fled when he heard a shot fired and saw a group of people approaching the scene.

The next morning police investigators found a paper bag near the big tree. It contained a sweater in an Albano Cleaners bag and several other items. The cleaning ticket was checked against Albano's records and the sweater was found to belong to a person named Skinner. A black high-topped shoe was also found near a fence which adjoined the wooded area.

On the afternoon of April 15, 1969, defendant was apprehended and taken to police headquarters. After being advised of his constitutional rights, he voluntarily made a statement which placed him near the scene of the crime but he did not admit guilt. A search warrant was then issued authorizing a search of defendant's home for certain enumerated articles of clothing and a .22 caliber revolver. During the course of the search a pair of socks was found underneath a mattress and seized as evidence.

On the morning of April 16, 1969, the defendant and his counsel appeared before the judge of the Juvenile and Domestic Relations Court of the City of Virginia Beach at a hearing for the purpose of

fixing bond. After the hearing, defendant asked permission to telephone his wife and mother and was taken into another room for that purpose. He talked to his wife and mother and then defendant began talking to a detective concerning the charges against him. The detective interrupted him, and again warned him of his constitutional rights. The defendant then voluntarily stated that he had committed the offenses with which he was charged and his statement was reduced to writing. An oral statement of similar import had been made by defendant on the previous night.

■ Defendant contends that the trial court erred in not admitting in evidence the results of a lie detector test which would prove his innocence.

In *Lee* v. *Commonwealth*, 200 Va. 233, 237, 105 S.E.2d 152, 154-55 (1958), we held that the results of a lie detector test were not admissible in evidence. In *Barber* v. *Commonwealth*, 206 Va. 241, 249-51, 142 S.E.2d 484, 490-92 (1965), we refused to retreat from the position expressed in *Lee, supra,* on the ground that lie detector tests have not yet proved scientifically reliable. Since defendant has not produced any compelling reason for us to change our position, we hold that the trial court properly excluded the evidence of the results of the lie detector test.

■ The black high-topped shoe found near the scene of the rape and the socks seized at defendant's home were forwarded to the Federal Bureau of Investigation. An expert testified that a microscopic examination of hairs found in the heel of the shoe and on one of the socks revealed distinctive similarities to hairs taken from the girl's head. Defendant's contention that the evidence of the laboratory test of the hair samples was inadmissible is without merit. *Moore* v. *Commonwealth*, 211 Va. 569, 570, 179 S.E.2d 458, 460 (1971); *Schmerber* v. *California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

Defendant complains of the introduction in evidence of certain items seized during the search of his home. Although there was an objection to the introduction of this evidence, the grounds of the objection were not stated in the trial court. We therefore will not consider the question. Rule 1:8.

■ Defendant says that the admission in evidence of statements made by him on the afternoon of April 15, shortly after his arrest, was error. He contends that the statements, although properly ob-

tained, were purely exculpatory and therefore not admissible as an exception to the hearsay rule.

In *Land* v. *Commonwealth*, 211 Va. 223, 229, 176 S.E.2d 586, 590-91 (1970), we held that any statements freely and voluntarily made by an accused which tended to show guilt, when considered with other evidence, were within the exception to the hearsay rule and therefore admissible in evidence. In the instant case defendant's initial statements, which, he concedes were properly obtained, placed him very near the scene at the time of the crime and showed a familiarity with events surrounding the offenses. Relating these disclosures to the other evidence, we hold that the statements were admissible.

■ Defendant next says that the alleged confession made by him after his appearance with counsel in the Juvenile and Domestic Relations Court was improperly admitted into evidence because his counsel was not present or notified that an interrogation was being conducted. We do not agree.

An accused may waive his constitutional right to the presence of an attorney, either retained or appointed, provided the waiver is made voluntarily, knowingly and intelligently. *Miranda* v. *Arizona*, 384 U.S. 436, 444-45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); *Penn* v. *Commonwealth*, 210 Va. 229, 241, 169 S.E.2d 419, 427 (1970).

Although *Miranda* dealt with the waiver of an accused before the appointment of counsel, nothing was said there which prohibits a waiver of the presence of an attorney after one has been appointed or retained. *Coughlan* v. *United States*, 391 F.2d 371 (9th Cir. 1968); *Dillon* v. *United States*, 391 F.2d 433, 437 (10th Cir. 1968), *cert. denied* 393 U.S. 889, 89 S.Ct. 208.

The evidence in the instant case shows that the defendant initiated the conversation with the detective concerning the charges against him. The detective interrupted and again advised him of his constitutional rights, which included his right to have his retained counsel present before making any statement. Defendant then voluntarily, knowingly and intelligently waived his right to the presence of his attorney and confessed to the commission of the crimes.

*Cooper* v. *Commonwealth*, 205 Va. 883, 140 S.E.2d 688 (1965), relied upon by defendant, is clearly distinguishable on the facts from the present case.

We have examined all the granted and refused instructions and find that the principles set out in the refused instructions were covered in those granted by the trial court. The jury was fully and properly

instructed, and the trial court did not err in refusing to grant the requested instructions. *Asbury v. Commonwealth*, 211 Va. 101, 107, 175 S.E.2d 239, 243 (1970).

For the reasons stated, the judgments of conviction are

*Affirmed.*