COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Clements and Senior Judge Hodges
Argued at Richmond, Virginia


ROBERT WHITE, JR.
                                         OPINION BY
v.   Record No. 2224-02-2        JUDGE JAMES W. BENTON, JR.
                                         JULY 29, 2003
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 Learned D. Barry, Judge

        Craig S. Cooley for appellant.

        Steven A. Witmer, Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on
        brief), for appellee.


     This appeal arises from an order finding that Robert White,

Jr. violated his probation and revoking his suspended sentence.

White contends the trial judge erred by admitting evidence of

polygraph test results and finding the evidence sufficient to

prove a probation violation.  We agree and reverse the

revocation order.

                              I.

     The record establishes that a judge of the circuit court

convicted White, upon his plea of nolo contendere, of aggravated

sexual battery in violation of Code § 18.2-67.3(1).  On March

22, 2000, the judge sentenced White to five years in prison and

suspended four years and seven months of that sentence for a

period of ten years upon various conditions, including good

behavior. The judge also ordered supervised probation upon White's release from prison.

White's probation officer sent a letter to the trial judge on September 18, 2001 reporting White had "failed" a polygraph examination "with very high scores." The letter indicated White gave "deceptive" answers when asked if he "had secretly tried to meet" with children, if he had had "physical sexual contact" with children, and if he had violated conditions of his probation. The judge issued a capias for White's arrest.

At a hearing convened to consider whether White had violated probation, White's attorney's objected to any evidence concerning the polygraph test results. After the trial judge overruled the objection, the Commonwealth proved by the probation officer's testimony that White began supervised probation in March 2000 and met with her once a month. She testified that White was enrolled in a group counseling program for sex offenders and had to undergo a polygraph examination every six months as a requirement for his participation in that program. The probation officer also testified that White "passed" his first polygraph examination and "did very well." In addition, she testified that, apart from the second polygraph results, White had been a model probationer. The probation officer's letter of September 18, 2001 was admitted as evidence.

At the conclusion of this evidence, the judge found that he was "not in a position to take a gamble with this man and young

children." He found that White had violated his probation and revoked one year and seven months of White's previously suspended sentence.

## II.

The Supreme Court has not wavered in its rulings concerning the inadmissibility of polygraph examination results.

> In a long line of cases, spanning almost thirty years, [the Supreme Court has] made clear that polygraph examinations are so thoroughly unreliable as to be of no proper evidentiary use whether they favor the accused, implicate the accused, or are agreed to by both parties. See, e.g., Odum [v. Commonwealth, 225 Va. 123, 301 S.E.2d 145 (1983)]; Skinner [v. Commonwealth, 212 Va. 260, 183 S.E.2d 725 (1971)]; Barber v. Commonwealth, 206 Va. 241, 142 S.E.2d 484 (1965); Lee v. Commonwealth, 200 Va. 233, 105 S.E.2d 152 (1958). The point of these cases is that the lie-detector or polygraph has an aura of authority while being wholly unreliable.

Robinson v. Commonwealth, 231 Va. 142, 156, 341 S.E.2d 159, 167 (1986).

We do not discern in the various Supreme Court holdings any basis to conclude, as the Commonwealth urges, that this inadmissibility rule does not apply in revocation proceedings. Consequently, applying Robinson, we hold that the trial judge erred by admitting into evidence the results of the polygraph examinations.

Without the inadmissible polygraph evidence, the record is insufficient to support a finding that White violated his probation. Indeed, the probation officer testified White was otherwise a model probationer. The trial judge also commented

- 3 -

that, aside from the polygraph results, White's probation record was "[b]etter than what [he was] used to seeing."

For these reasons, we reverse the order revoking White's probation and suspended sentence.

<u>Reversed</u>.
