COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


SYLVESTER JONES, S/K/A
 SYLVESTER L. JONES
                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2637-02-1              JUDGE RUDOLPH BUMGARDNER, III
                                            OCTOBER 28, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                        Westbrook J. Parker, Judge

        Timothy E. Miller, Public Defender (Office of the Public Defender,
        on brief), for appellant.

        Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        The trial court found Sylvester L. Jones violated probation by not completing a polygraph

examination and revoked his suspended sentence.  He contends the probation officer had no

authority to unilaterally change the conditions of probation to require a polygraph test.  He also

contends the trial court abused its discretion and punished him for invoking his Fifth Amendment

rights against self-incrimination and to counsel.  Finding no error, we affirm.

        In April 2000, the trial court convicted the defendant of taking indecent liberties with a

child.  It imposed a five-year sentence, suspended three years, and placed the defendant on

supervised probation.  The sentencing order directed the defendant to "comply with all the rules

and requirements set by the probation officer."  The defendant signed a written statement of the

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conditions of his probation, which included the condition that he "follow the Probation and Parole Officer's instructions and be truthful, cooperative, and report as instructed."

In July 2002, a police officer informed the probation officer that the defendant was a suspect in the attempted abduction of an eleven-year-old girl. The probation officer was unable to locate the defendant from July 23 to August 27 although he tried on six separate days and at different hours of the day. The last contact had been on July 11. When the officer finally located the defendant on August 28, the defendant gave him unverifiable employment information. The defendant also conceded he had been in contact with females but could not provide their last names or addresses.

The probation officer imposed additional, special conditions because he was unable to determine whether the defendant was complying with the terms of probation. The special conditions included a requirement that the defendant submit to a polygraph test. The officer read and explained the special instructions to the defendant, and the defendant signed the form acknowledging his consent to the new conditions. The probation officer made clear that if the defendant refused to take the polygraph test, "a [probation] violation would be in order." The defendant agreed to take the test, and the probation officer arranged for it.

The defendant initially answered the polygraph examiner's questions, but he "basically just froze up" when the examiner asked questions about his involvement in the attempted abduction. The defendant refused to answer further questions and "said that he thought he needed to talk to an attorney." The test was immediately stopped and never completed.

The probation officer reported to the trial court that the defendant failed to cooperate with the polygraph test, represented a "danger to the public," and was "not amenable to supervision." After a revocation hearing, the trial court found the defendant had violated probation and revoked a portion of the suspended sentence.

The defendant was a convicted felon. He accepted probation willingly, and he voluntarily and knowingly agreed to the conditions imposed. The sentencing order directed him to comply with the probation officer's rules and requirements. This mandate explicitly gave the probation officer discretion to set further conditions. The probation officer exercised that discretion when he was unable to locate the defendant after a report of suspected criminal behavior. The defendant never objected to the conditions of probation at sentencing or when the additional conditions were imposed.

The defendant claims he had no meaningful choice but to accept and comply with the special instructions, otherwise he would go to jail. The criminal process forces difficult choices. McKune v. Lile, 536 U.S. 24, 41-42 (2002). See also John L. Costello, Virginia Criminal Law and Procedure § 43.6-2, 585 (3d ed. 2002) ("[A] person is not compelled . . . merely because he must choose between two lawful courses of action.").

In Minnesota v. Murphy, 465 U.S. 420 (1984), the defendant confessed to crimes unrelated to his probation during an interview with his probation officer instead of asserting the privilege against self-incrimination. The Court concluded there was no Fifth Amendment violation despite the compulsory nature of the meeting and the defendant's fear that he would receive additional prison time if he remained silent. In Anderson v. Commonwealth, 256 Va. 580, 507 S.E.2d 339 (1998), a probationer accepted a plea agreement that waived his rights against unreasonable searches and seizures. The Court rejected his claim that he was coerced and had no choice. The defendant gained his freedom, and the Commonwealth gained a useful method of verifying his compliance with probation through the plea agreement. "[A] defendant can voluntarily agree to a bargain that provides for one of two undesirable options." Id. at 585, 507 S.E.2d at 341. To hold otherwise would render all plea agreements "invalid on the basis of coercion." Id.

In this case, the requirement of a polygraph examination was a reasonable condition given the nature of the defendant's offense, his background, and the circumstances surrounding his whereabouts and behavior while on probation. The test provided an effective tool to monitor compliance with probation conditions after he could not account for his activities. It was aimed at ensuring his good behavior and preventing his re-offending. "Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." United States v. Knights, 534 U.S. 112, 119 (2001). See United States v. Dotson, 324 F.3d 256, 261 (4th Cir. 2003) (requirement of a polygraph test as a condition of probation related to defendant's treatment and was a reasonable tool).

The defendant maintains the trial court erred in revoking his suspended sentence when he invoked his Fifth Amendment right against self-incrimination. The defendant did not raise this argument to the trial court.[1] Rule 5A:18 bars our consideration of this argument for the first time on appeal. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1994). Additionally, the defendant made no incriminating statement and none was used against him.[2]

The defendant also contends the revocation was punishment for asserting his Fifth Amendment right to counsel.[3] The right to counsel applies to custodial interrogations. Edwards v. Arizona, 451 U.S. 477, 482 (1981); Miranda v. Arizona, 384 U.S. 436, 470 (1966). The

---

[1] Moreover, the defendant did not invoke this privilege during the polygraph examination. At the revocation hearing, the defendant argued he was invoking his right to counsel. He stated, "I didn't say I wasn't going to take the polygraph. I asked for my attorney to be present while I take it."

[2] White v. Commonwealth, 41 Va. App. 191, 583 S.E.2d 771 (2003), does not affect the outcome of this case because no polygraph test results were admitted as evidence.

[3] In his brief, the defendant argues for the first time that he was asserting his Sixth Amendment right to counsel.

defendant was never in custody while taking the test. We need not decide whether the defendant unequivocally invoked his right to counsel.

The defendant failed to abide by a reasonable condition of probation by failing to complete the polygraph examination. The trial court properly exercised its discretion in revoking probation. Accordingly, we affirm.

<u>Affirmed.</u>