Present: Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ.,
and Carrico and Russell, S.JJ.

JAMES TURNER                              OPINION BY
                                 SENIOR JUSTICE CHARLES S. RUSSELL
v.   Record No. 082122                 November 5, 2009

COMMONWEALTH OF VIRGINIA

            FROM THE COURT OF APPEALS OF VIRGINIA

     This appeal presents a question concerning the

admissibility of polygraph test results in evidence at a

probation revocation proceeding.

                     Facts and Proceedings

     In 2005 James A. Turner was convicted of possession of

child pornography in the Circuit Court of Fairfax County.  He

was sentenced to five years incarceration with three years

suspended, conditioned upon supervised probation and "Sex

Offender Evaluation and Treatment."  In 2006 Turner's

probation officer requested and received permission from the

circuit court to "utilize polygraph testing in conjunction

with sex offender treatment in this case."[1]

     In 2007 Turner's probation officer reported to the court

that Turner had been discharged from the sex offender

treatment program for "failure to adhere to the attendance

_____

     [1] The probation officer's letter to the court explained
that the court had instructed his office to obtain court
approval for such testing on a case-by-case basis and that
Turner had been referred to a program that uses such testing

policy" and "lack of progress."  The officer's report also stated that Turner's polygraph results had been described by his case manager at the treatment program as "deception indicated . . . . attempted to control his breathing" during testing.

Turner was brought before the court on a bench warrant. At a revocation hearing, he admitted missing four appointments at the sex offender treatment program although he had had kept ten other appointments.  The Commonwealth presented no evidence and relied only on the probation officer's report. In argument, the Commonwealth stated:  "The one thing I would really like to draw the court's attention to is the fact that he was deceptive, according to the probation violation –." Defense counsel promptly objected on the ground that the report that Turner had been deceptive was based solely on a polygraph test result that was "being admitted into evidence at this hearing."  The court overruled the objection.[2]

The court revoked the suspension of the remaining three years of Turner's sentence, stating "I am not willing to subject the community to the dangers of your further conduct." The court entered an order reciting that although the

_____

"for evaluation and monitoring purposes in conjunction with therapy."

[2] We reject the Commonwealth's contention on appeal that Turner's objection was procedurally defaulted.

sentencing guidelines recommended "Probation/No incarceration" in the circumstances of the case, the court's stated reason for departing from the guidelines was:  "I conclude [that the defendant] is a danger to children in the community [and] is not amenable to treatment."  The Court of Appeals denied Turner's petition for appeal, finding no abuse of discretion in the circuit court's decision to revoke his suspended sentence.  We awarded Turner an appeal.

Analysis

A sentencing court is vested with wide discretion in probation revocation proceedings and "formal procedures and rules of evidence are not employed."  Gagnon v. Scarpelli, 411 U.S. 778, 789 (1973).  Hearsay evidence has been held admissible in federal probation and parole revocation proceedings where the evidence is "demonstrably reliable." United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir. 1982).  In Dickens v. Commonwealth, 52 Va. App. 412, 422-23, 663 S.E.2d 548, 553 (2008), our Court of Appeals reached a similar conclusion in the context of the reliability of official records.

Nevertheless, the Court of Appeals, in White v. Commonwealth, 41 Va. App. 191, 194, 583 S.E.2d 771, 773 (2003), specifically held that polygraph examination results were inadmissible in probation revocation proceedings, citing

a "long line of cases, spanning almost thirty years, [in which this Court has] made clear that polygraph examinations are so thoroughly unreliable as to be of no proper evidentiary use whether they favor the accused, implicate the accused, or are agreed to by both parties. The point of these cases is that the lie-detector or polygraph has an aura of authority while being wholly unreliable." Id. at 194, 583 S.E.2d at 772 (quoting Robinson v. Commonwealth, 231 Va. 142, 156, 341 S.E.2d 159, 167 (1986)) (citations omitted). In Robinson, we expressed "our continuing concern over the use of polygraph exams in any court proceeding in Virginia." Robinson, 231 Va. at 156, 341 S.E.2d at 167.

We continue to adhere to the views expressed in that "long line of cases." See Billips v. Commonwealth, 274 Va. 805, 808-09, 652 S.E.2d 99, 101 (2007) ("lie-detector" tests are so unreliable that the considerations requiring their exclusion have ripened into rules of law) (citing Spencer v. Commonwealth, 240 Va. 78, 97, 393 S.E.2d 609, 621 (1990)).

While conceding that polygraph test results are inadmissible in criminal trials, the Commonwealth argues that they should be admitted under the more "relaxed" standards of proof prevailing in probation proceedings. We do not agree. Polygraph test results fall far short of the "demonstrably

4

reliable" hearsay evidence that may be admitted under those "relaxed" standards.

> A trial court's exercise of discretion to admit or exclude evidence will not [ordinarily] be overturned on appeal unless the court abused its discretion. However, a trial court has no discretion to admit clearly inadmissible evidence because admissibility of evidence depends not upon the discretion of the court but upon sound legal principles.

Gray v. Rhoads, 268 Va. 81, 86, 597 S.E.2d 93, 96 (2004) (citations omitted) (emphasis added).

For those reasons, we hold that the circuit court erred in admitting the results of polygraph tests in Turner's revocation proceeding and expressly approve the Court of Appeals' decision in White. We do not, however, by this holding intend to impose any restrictions on the use of the polygraph as a tool in law enforcement or in the treatment, therapy, monitoring or evaluation of offenders, although those making use of such tests should be aware that the results will not be admissible in judicial proceedings. Any voluntary statements or admissions made by a person being tested remain admissible subject to the ordinary rules of evidence. Our holding is limited to the exclusion of the opinions of the polygraph operator or others purporting to offer expert opinion interpreting the test results.

The Commonwealth argues that any error in the circuit court's admission of polygraph test results was harmless in

5

the present case because Turner admitted missing four appointments at the treatment program to which he had been assigned as a condition of his probation. Thus, the Commonwealth points out, the fact of Turner's violation of the terms upon which his sentence was partially suspended is undisputed. For that reason, the Commonwealth contends, the circuit court had an adequate basis for its revocation decision independent of the polygraph results. White is therefore distinguishable, the Commonwealth argues, because there the trial court based its revocation decision on polygraph test results alone.

We agree that here the circuit court had additional evidence to support its revocation decision. We cannot, however, say that the error of receiving evidence of polygraph test results was harmless because we cannot ascertain from the record the extent, if any, to which the error may have contributed to the punishment imposed. The court had before it a spectrum of available penalties ranging from "Probation/No incarceration," as recommended by the sentencing guidelines, to revocation of the entire period of suspension, the penalty the court decided upon. From the argument of counsel and the court's remarks at the revocation hearing, it appears likely that the evidence erroneously admitted was at least a contributing factor in the court's decision.

6

Because Turner does not dispute that he violated the terms of his probation in missing four appointments at his treatment program, he does not contend that the circuit court abused its discretion in revoking his suspended sentence.[3] Rather, he contends that he is entitled to a new hearing on the issue of the penalty to be imposed for that violation, without consideration of the evidence erroneously admitted at his original revocation hearing. We agree. We have recently held such a disposition to be the appropriate remedy in a similar case. Whitehead v. Commonwealth, 278 Va. 105, ___, ___ S.E.2d ___, ___ (2009) (remanded for new hearing after inadmissible evidence was received at revocation proceeding).

## Conclusion

For the reasons stated, we will reverse the judgment appealed from and remand the case to the Court of Appeals with direction to remand the same to the circuit court for resentencing consistent with this opinion.

Reversed and remanded.

---

[3] On appeal, the Commonwealth and Turner agree that if this Court should hold the acceptance of polygraph test results to constitute reversible error, the appropriate remedy is a remand for resentencing only.