COURT OF APPEALS OF VIRGINIA

Present:    Judges O'Brien, Malveaux and Callins
Argued by videoconference


KEITH EDWARD LUCAS, JR.

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1140-21-4                          PER CURIAM
                                                     JANUARY 10, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PAGE COUNTY
Clark A. Ritchie, Judge

Caleb J. Routhier (Miller, Earle & Shanks, PLLC, on briefs), for
appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


After finding that appellant, Keith Edward Lucas, Jr., had violated several terms of his

probation, the circuit court revoked Lucas's previously suspended sentences and imposed a

two-year term of active incarceration.  Lucas argues on appeal that the court abused its discretion in

sentencing him in contravention to Code § 19.2-306.1 because the court's stated reasons for

departing from the sentencing guidelines recited Lucas's technical probation violations rather than

his failure to pay court costs, a nontechnical violation.  Finding that any error was harmless, we

affirm the judgment below.

BACKGROUND

On January 23, 2013, Lucas received a combined eleven-year sentence on charges of

credit card fraud, obtaining money by false pretenses, and credit card theft.  The court suspended

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

ten years of the combined sentence and ordered Lucas placed on supervised probation for three years upon his release from incarceration. The court also ordered Lucas to pay all related court costs.

In 2017, Lucas was convicted of violating his probation. The court revoked his previously suspended sentences and resuspended all but eighteen months of his original sentences. The court also modified the terms of Lucas's probation to an indefinite supervised period of no less than two years. The court attached "special conditions" to his supervised probation, including payment of related court costs. Lucas was released to supervised probation on September 17, 2018.

Lucas complied with the terms of his probation until November 2020, when he changed his residence without permission of his probation officer and failed over the next four months to maintain communication with his probation officer. A major violation report ("MVR") was filed on April 5, 2021, alleging that Lucas: (1) failed to report in person or by phone to the probation office, (2) failed to follow the probation officer's instructions and to "be truthful, cooperative, and report as instructed," (3) changed his residence without permission, and (4) had made no payments toward court costs and owed a balance of $3,838.72. Lucas was apprehended on April 15, 2021, approximately one week after the court ordered a capias for his arrest.

The revocation hearing was set for May 25, 2021, but was continued on Lucas's motion until July 28, 2021. At the hearing, the Commonwealth introduced the MVR and a set of sentencing guidelines. The prosecutor advised the court that the guidelines, calculated in accordance with Code § 19.2-306.1, called for up to six months' incarceration and also noted that it was "a violation with special conditions."

Lucas testified on his own behalf. He admitted that he had violated his probation and confirmed that it was his "second violation." In response to a question from the trial judge,

Lucas said that his first violation had also involved his probation officer not being able to find him. Lucas acknowledged his status as a registered sex offender, but he further said that he had reported his address to the Virginia State Police and had not been charged with failing to register.

The Commonwealth called Lucas's probation officer, Josh Herring, as a rebuttal witness. Herring testified regarding his repeated attempts to contact Lucas. On cross-examination, Herring confirmed that Lucas was not on probation for the offense that necessitated his registration as a sex offender. Herring also acknowledged that prior to the statutory amendments effective on July 1, 2021, the sentencing guidelines had called for probation without any incarceration.

In closing, defense counsel argued that although the sentencing guidelines were "technically correct," they circumvented "what the legislature was intending because the special condition [of failure to pay court costs] is a condition that almost every single defendant that comes in front of this [c]ourt is in violation of." Counsel argued that but for the special condition of failure to pay, Lucas should receive a sentence of no more than 14 days for a second technical violation. Lucas requested a sentence of time served, which was three months, noting that the sentence would be appropriate under the guidelines in place both before and after July 1, 2021.

The Commonwealth argued that the guidelines were discretionary and that the court should consider all the facts in the case.

The court found Lucas had violated his probation. Stating that the sentencing guidelines were "discretionary," the court revoked all of Lucas's three previously suspended sentences and resuspended all but two years of the original sentences. The court ordered that Lucas be subject to indefinite supervised probation for not less than two years following his release and that he pay his court costs.

As a part of the sentencing guidelines, a "Sentencing Revocation Report" listed the probation conditions Lucas had violated,[1] including his failure "to follow special conditions/instructions" by not paying his court costs. The "Final Decision/Disposition" form required the court to provide reasons for departing from the guidelines. The judge wrote:

> Defendant has been violated again for failing to stay in contact with P.O. He is a <u>registered sex offender</u> and IT IS VITAL that the P.O. know where he is and who he is with at all times as a basic minimum expectation of supervised probation to ensure public safety. This represents [a] pattern of failing to report, stay in contact, etc[.,] with P.O. and the last revocation period of 18 months did not deter the behavior. Deviation warranted.

Following the revocation hearing, Lucas filed a "Motion to Reconsider Sentence Revocation." He asserted that "[w]hile failure to pay court costs is a special condition violation," allowing the court to exceed the sentencing guidelines, the court "abused [its] discretion by departing so high above the guidelines without citing failure to pay court costs by an indigent defendant as the reason to do so." The court denied the motion.

This appeal followed.

## ANALYSIS

On appeal, Lucas contends that "by deviating above the guidelines for a special condition violation [failure to pay court costs] for reasons unrelated to the only factor that made this a special condition violation instead of a second technical violation," the court erred in imposing a sentence of two years for his probation violations.[2]

---

[1] We note that the report did not designate any of the violations as "technical violations," even though Lucas's violations (except for the special-condition violation) would all have been considered technical violations under the statutory amendments effective July 1, 2021. *See* Code § 19.2-306.1(A).

[2] Lucas also contends in his opening brief that the court abused its discretion in revoking his probation for failure to pay court costs without making factual findings that he was unable to pay. However, at oral argument, Lucas conceded that he waived this contention because he

- 4 -

A court is authorized to "revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A).[3] Sentencing decisions are "vested in the sound discretion of trial judges, not appellate judges," as long as the sentence imposed remains within the applicable statutory boundaries and constitutional limitations. *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). Further, we view the evidence "in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." *Id.* (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). However, issues of statutory interpretation are reviewed de novo. *Id.*

Prior to July 1, 2021, Code § 19.2-306(C) provided in relevant part that after finding the defendant had violated the terms of his suspension, and revoking the suspension, the court "may pronounce whatever sentence might have been originally imposed," if imposition of sentence had been suspended, or if execution of sentence had been suspended, "the original sentence shall

---

> did not argue to the trial court that it could not consider [his] failure to pay his costs as a basis for his revocation of probation, did not proffer that [he] was indigent and could not pay, did not ask the court to conduct an inquiry as to his ability to pay, did not argue that indigency status precluded a revocation based on failure to pay court costs, and did not argue that court costs could not be a "special condition."

Thus, we conclude these issues were not preserved and are waived under Rule 5A:18.

[3] We recite the language of Code § 19.2-306(A) in effect at the time of Lucas's revocation hearing and sentencing. Effective July 1, 2022, the General Assembly amended the statute to reference the newly enacted Code § 19.2-306.2. *See* 2022 Va. Acts chs. 569, 570. That amendment to Code § 19.2-306(A) does not affect our analysis.

be in full force and effect." The General Assembly amended the statute, effective July 1, 2021. *See* 2021 Va. Acts Sp. Sess. I ch. 538. Code § 19.2-306(C) now provides that a court may "impose a sentence in accordance with the provisions of [Code] § 19.2-306.1." In turn, Code § 19.2-306.1 contains specific limitations on sentencing that apply when a court bases its revocation of a suspended sentence on certain "technical violations" enumerated in the statute.

Code § 19.2-306.1(A) enumerates ten technical violations. Pertinent to this case are failure to "(v) follow the instructions of the probation officer, be truthful and cooperative, and report as instructed" and failure to "(ix) gain permission to change his residence or remain in the Commonwealth or other designated area without permission of the probation officer." The statute further provides that unless a condition is either a technical violation or a "good conduct violation that did not result in a criminal conviction," a court may revoke the sentence suspension and impose or resuspend any or all of the prior suspended sentence. Code § 19.2-306.1(B). Further, Code § 19.2-306.1(C) states that a term of active incarceration shall not be imposed for a first technical violation of probation, and "there shall be a presumption against imposing a sentence of a term of active incarceration for any second technical violation" unless incarceration is the only option available, in which case a sentence not exceeding 14 days may be imposed.

Because Lucas's probation proceeding began before the statutory change took effect on July 1, 2021, the former version of Code § 19.2-306 could have applied to his case. *See Green*, 75 Va. App. at 83-86 (holding that the revocation statutes effective July 1, 2021 did not apply retroactively). At the revocation hearing, however, the parties and the court seemingly accepted that the new statute applied and referenced the sentencing-guideline range of zero to six months' imprisonment, calculated in accordance with Code § 19.2-306.1. Accordingly, we conclude that the Commonwealth may not argue on appeal that the amended version of Code § 19.2-306 or the

newly enacted Code § 19.2-306.1 do not apply.[4] *See Heart v. Commonwealth*, 75 Va. App. 453, 465 (2022) (holding that the Commonwealth could not argue on appeal that the new statute did not apply because it had agreed at sentencing that the new statute did apply).

Therefore, we consider whether the court erred in its application of the amended version of Code § 19.2-306 and the newly enacted Code § 19.2-306.1. Probation is "an act of grace on the part of the Commonwealth" and "*provide[s] trial courts a valuable tool* for rehabilitation of criminals." *Green*, 75 Va. App. at 77 (first quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008), and then quoting *Burnham v. Commonwealth*, 298 Va. 109, 116 (2019)). Trial courts have wide latitude in setting the terms and conditions of probation and may impose "special conditions," such as payment of court costs. Lucas violated a special condition of his probation by failing to pay court costs. The court did not abuse its discretion in imposing an active two-year sentence for that violation because this sentence comported with the applicable statute governing revocation. *See* Code § 19.2-306.1(B) (stating that a court "may revoke the suspension and impose or resuspend any or all of that period previously suspended" for a violation that is not a technical violation or a "good conduct violation that did not result in a criminal conviction"); *see also Wright v. Commonwealth*, 32 Va. App. 148, 151 (2000) (holding that because a trial court has broad discretion to revoke a suspended sentence in light of a probation violation, the appellate court does not restrict a trial court's authority beyond limitations imposed by statute).

---

[4] We note, however, that the Attorney General on behalf of the Commonwealth is not always bound on appeal by the erroneous approach taken by a Commonwealth's attorney in the trial court. *See Holt v. Commonwealth*, 66 Va. App. 199, 205 n.1 (2016) (en banc) (stating "[the Attorney General] may not be estopped from repudiating the earlier position erroneously taken by the Commonwealth's Attorney, nor may the [Commonwealth] be estopped from changing [its] position" (alterations in original) (quoting *Calloway v. Commonwealth*, 62 Va. App. 253, 259 (2013))); *Holloway v. Commonwealth*, 72 Va. App. 370, 373 (2020) (noting that the Attorney General was permitted to take a position on appeal that was inconsistent with the position taken by the prosecutor at trial).

But the essence of Lucas's claim, reflected in his assignment of error, is that the court abused its discretion by not citing the failure to pay court costs as the reason for deviating from the guidelines. In providing its reasons for departing upward from the sentencing guidelines, the court recited Lucas's technical violations and noted that "the last revocation period of 18 months did not deter the behavior." The fact that the court also did not write on the form that Lucas's failure to pay his court costs was a reason for departure is not reversible error. Code § 19.2-298.01 states that sentencing guidelines are discretionary and "[t]he failure to follow any or all of the provisions of [Code § 19.2-298.01] or the failure to follow any or all of the provisions of [Code § 19.2-298.01] in the prescribed manner shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F)[5]; *see also Fazili v. Commonwealth*, 71 Va. App. 239, 248-49 (2019) ("The General Assembly only requires the circuit court 'to consider the sentencing guidelines before sentencing [the appellant] and to file with the record of the case a written explanation of any departure from the indicated range of punishment.'" (alteration in original) (quoting *West v. Dir., Dep't of Corr.*, 273 Va. 56, 65 (2007))).

In addition, even assuming the court's incomplete explanation of its reasons for departure was error, any error was harmless. An error made by a trial court to no, or slight, effect is harmless, and does not justify reversal. "[I]t is 'the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless' . . . ." *Commonwealth v. White*, 293 Va. 411, 420 (2017) (quoting *United States v. Hasting*, 461 U.S. 499, 509 (1983)).

---

[5] Code § 19.2-306.2(D), effective July 1, 2022, *see* 2022 Va. Acts chs. 569, 570, pertains to the use of the sentencing revocation report and sentencing guidelines for revocation cases and provides that "[f]ailure to follow the provisions of this section or failure to follow these provisions in the prescribed manner shall not be reviewable on appeal and shall not be used for the basis of any other post-proceeding relief."

> When it plainly appears from the record and the evidence given at
> the trial that the parties have had a fair trial on the merits and
> substantial justice has been reached, no judgment shall be arrested
> or reversed . . . [f]or any other defect, imperfection, or omission in
> the record, or for any error committed on the trial.

Code § 8.01-678. If "the error at issue could not have affected the court's result," the judgment below will be affirmed on appeal. *Ferrara v. Commonwealth*, 299 Va. 438, 450 (2021) (quoting *Forbes v. Rapp*, 269 Va. 374, 382 (2005)).

Here, the court was aware from counsel's arguments that no more than 14 days could be imposed for a second technical violation but that a longer sentence not exceeding the eight and one-half years that had been previously suspended could be imposed for violating a special condition. The sentencing guidelines contained worksheets to be completed for first and second technical violations, third or subsequent technical or special condition violations, and new misdemeanor and felony convictions. Only the special condition worksheet had been completed and suggested a sentence ranging from time served to six months. Nevertheless, a reasonable review of the record suggests that any permissible sentence for a second technical violation was subsumed within that range. Nothing in Code § 19.2-306.1 required the court to differentiate the sentence imposed for a second technical violation from the sentence imposed for violation of a special condition.

In pronouncing sentence at the revocation hearing, the court stated that Lucas had violated a special condition by not paying court costs. The court did not abuse its discretion in imposing the two-year sentence for violation of the special condition. Rewriting the reasons for departure from the guidelines to include failure to pay court costs would not change the outcome of the case. Thus, any error was harmless. *See United States v. Bullock*, 35 F.4th 666, 672 (8th Cir. 2022) (holding that although the district court did not explain its upward sentencing

departure in writing, as required, the error was harmless because the court had explained its reasoning at the sentencing hearing).

## CONCLUSION

For these reasons, we affirm the judgment of the court.

*Affirmed.*

Callins, J., dissenting.

Undoubtedly, Lucas's failure to pay court costs was a violation of a special condition of his probation. Likewise, there is no room for disagreement that a trial court "may revoke the suspension and impose or resuspend any or all of that period previously suspended" for a violation of a special condition. Code § 19.2-306.1(B). Rather, I respectfully part ways with the majority on the issue of whether the trial court abused its discretion by imposing a sentence that fails to comply with Code § 19.2-306.1.

In drafting Code § 19.2-306.1, the legislature saw fit to distinguish between first technical violations, second technical violations, and further subsequent violations. Although the legislature affixed new sentencing limits to first and second technical violations, Code § 19.2-306.1 does not impose such limits for other violations. Here, the trial court declined to impose a separate sentence for a second technical violation, only to instead use the violation as a sentencing enhancer for a special condition violation. In so doing, the trial court breached the new statutory limits imposed by Code § 19.2-306.1. *See Minh Duy Du v. Commonwealth*, 292 Va. 555, 563-64 (2016) (citing *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)). To find no significant error in the trial court's sentencing decision would be to reduce the legislature's words, and the intention crystallized within them, to no effect. *See Chenevert v. Commonwealth*, 72 Va. App. 47, 56 (2020) ("[T]he bedrock principle of statutory interpretation in any context is that this Court 'must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity.'" (quoting *Smith v. Commonwealth*, 66 Va. App. 382, 387 (2016))). Accordingly, I would find that the trial court erred in its sentencing decision and reverse and remand for resentencing under Code § 19.2-306.1(B) and (C).

The majority points out that now, as before the enactment of Code § 19.2-306.1, sentencing guidelines are discretionary pursuant to Code § 19.2-298.01. I agree. However, the trial court's explanation for its decision to depart from the guidelines reveals its discretionary overreach. The trial court gave the following reasons for departing from the guidelines, which it inserted into the final decision/disposition form under the words "REASON FOR DEPARTURE FROM GUIDELINES."

> Defendant has been violated again for failing to stay in contact with P.O. He is a <u>registered sex offender</u> and IT IS VITAL that the P.O. know where he is and who he is with at all times as a basic minimum expectation of supervised probation to ensure public safety. This represents [a] pattern of failing to report, stay in contact, etc[.,] with P.O. and the last revocation period of 18 months did not deter the behavior. Deviation warranted.

The trial court itself noted that its decision was predicated on a "pattern of failing to report, stay in contact, etc[.,] with P.O. and [that] the last revocation period of 18 months did not deter the behavior."

That the trial court's statement in the final decision/disposition form expresses the actual calculus upon which it relied finds support elsewhere in the record. Significantly, the trial court articulated consonant grounds during the revocation hearing. At the hearing, the trial court ruled, "well first off I find that you're in violation of the terms and conditions of your supervised probation, that involves the special condition . . . referenced earlier as well." The reasons given by the trial court, thereafter, were a point-by-point recitation of the statement given in the final decision/disposition form, stressing, among other things, Lucas's failure to remain in contact with his probation officer.

The trial court erred by citing Lucas's second technical violation (his "failing to stay in stay in contact with P.O.") as a significant factor in its sentencing decision for Lucas's special condition violation. *See Slusser v. Commonwealth*, 74 Va. App. 761, 774 (2022) ("A court

- 12 -

abuses its discretion 'when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; [or] when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.'" (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011))). The trial court erred in combining the sentence for Lucas's technical violation with the sentence for his special condition violation, thereby conflating the amount of time imposed for each separate offense.

More than a mere factor figuring distantly in the imposition of its two-year active sentence, the second technical violation figured significantly in the trial court's decision. Consequently, it failed to take proper notice of how Code § 19.2-306.1 narrows a trial court's sentencing discretion for certain technical violations. The statute provides that a trial court may reimpose *no more than* 14 days for a second technical violation.[6] Code § 19.2-306.1(C). At the same time, a trial court has wide discretion in the reimposition of a sentence for a special condition violation. Code § 19.2-306.1(B). The trial court should have imposed one sentence for Lucas's second technical violation, pursuant to Code § 19.2-306.1(C), and a second sentence for his special condition violation, pursuant to the requirements in Code § 19.2-306.1(B). To instead use the second technical violation as a sentencing enhancer,[7] contravenes the plain

---

[6] Code § 19.2-306.1(C) further states that a trial court may only impose active time for a second technical violation if the "presumption against imposing a sentence" is defeated by a preponderance of the evidence and the "defendant . . . cannot be safely diverted from active incarceration through less restrictive means."

[7] The majority asserts that "a reasonable review of the record suggests that any permissible sentence for a second technical violation was subsumed within [the] range [suggested by Lucas's sentencing guidelines]." However, if the sentence was subsumed into the sentence Lucas *received*, the trial court would have punished Lucas twice for the same technical violation by, first, folding the second technical violation sentence into Lucas's larger sentence and then, second, using the second technical violation as grounds to impose a more significant sentence than it would have but for the second technical violation. As a trial court may not

- 13 -

language and meaning of Code § 19.2-306.1(C) ("the court may impose not more than 14 days of active incarceration for a second technical violation").

By underscoring Lucas's pattern of violating the terms of his probation ("[t]his represents [a] pattern of failing to report, stay in contact, etc[.]"), the trial court also indicated as a basis for its sentencing the *number* of violations Lucas committed during the relevant period. The statute requires trial courts to treat multiple technical violations "considered at the same revocation hearing" as one "for the purposes of sentencing." Code § 19.2-306.1(A). As such, the trial court improperly adduced the number of violations as a basis for its decision.

Similarly, the trial court emphasized in its decision Lucas's prior probation violation, stating that "the last revocation period of 18 months did not deter the behavior[] [d]eviation warranted." Whereas previously a trial court may have had the discretion to cite a previous violation as grounds for imposing a greater sentence, a trial court may not use a first technical violation to abrogate the sentencing limits for a second technical violation. The sentencing parameters for both kinds of violations are fixed by Code § 19.2-306.1.

Nevertheless, as the majority points out, error, by itself, is not dispositive. An error made by a trial court to no, or slight, effect is harmless and does not justify reversal. *See Commonwealth v. White*, 293 Va. 411, 419 (2017). "Code § 8.01-678 makes 'harmless-error review required in *all* cases,'" *id*. at 420 (quoting *Commonwealth v. Swann*, 290 Va. 194, 200 (2015)), and codifies "'the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless' lest they 'retreat from their responsibility, becoming instead "impregnable citadels of technicality,"'" *id*. (quoting *United States v. Hasting*, 461 U.S. 499, 509 (1983)). Thus, "[a]bsent an error of constitutional magnitude, 'no judgment shall be arrested or

impose more than 14 days of active incarceration for a second technical violation, this, too, would be an improper application of the law.

- 14 -

reversed' '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" *Spruill v. Garcia*, 298 Va. 120, 127 (2019) (second alteration in original) (quoting Code § 8.01-678). "Applying this standard, a non-constitutional error is harmless 'if, when all is said and done, the error did not influence the jury, or had but slight effect.'" *Id*. at 127-28 (quoting *Swann*, 290 Va. at 201).

But not every non-constitutional error is harmless. Code § 8.01-678 stands as a productive check on appellate review, not a statutory writ foreclosing its exercise altogether. "[I]f we 'cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error,' then 'the conviction cannot stand.'" *Swann*, 290 Va. at 201 (quoting *Anderson v. Commonwealth*, 282 Va. 457, 467 (2011)). Moreover, every "error will be presumed to be [p]rejudicial unless it plainly appears that it could not have affected the result." *Caldwell v. Commonwealth*, 221 Va. 291, 296, 298 (1980) (citing *Joyner v. Commonwealth*, 192 Va. 471, 477 (1951)) (finding that where a clerk improperly read aloud Code § 53-291 to a jury, the Court could not "overcome" the "presumption of prejudice" and conclude "the error was harmless as to the quantum of punishment imposed"). Indeed, in *Turner v. Commonwealth*, 278 Va. 739, 744 (2009), our Supreme Court found that it would not "say that the error of receiving evidence of polygraph test results was harmless because" it could not "ascertain from the record the extent, if any, to which the error may have contributed to the punishment imposed."

Here, we have *Turner*'s opposite. That is, it is possible to "ascertain" how the trial court's legal error "contributed to the punishment imposed." *Id*. By outlining its reasoning in the final decision/disposition form, and also stating the grounds for its decision from the bench, the trial court provided this Court with the empirical material needed to understand how the error

- 15 -

likely influenced its judgment. The trial court, on the final decision/disposition form, gave, in the box labeled "REASON FOR DEPARTURE FROM GUIDELINES," Lucas's second technical violation as its reason for deviating from the sentencing guidelines. The trial court also assigned the second technical violation significant weight in its remarks during the revocation hearing.[8] The sentencing guidelines recommended a sentence of time served to six months of active time. Taken together, these facts support the unavoidable logical and empirical inference that but for the second technical violation, the trial court would have imposed the recommended sentence of not more than six months of active time.

Yet looking beyond the guidelines, the trial court assigned considerable weight to the second technical violation. The trial court did not subsume a sentence of 14 days for the second technical violation into Lucas's total sentence. The second technical violation weighed heavily upon the trial court and figured prominently in its sentencing calculus. Because it is reasonable to conclude that the error played a prominent role in the trial court's sentencing decision, and thus, the quantum of punishment ultimately imposed, the error was not, by definition, harmless. *See Swann*, 290 Va. at 201. Nor was the error, in its effect, "slight." *Id*. Indeed, by the trial court's own account, the effect of the second technical violation was more than "slight." "Therefore, the requirements of Code § 8.01-678, that appellant has had 'a fair trial on the merits and [that] substantial justice has been reached,' have not been satisfied. Accordingly, this Court [should] find[] the error was not harmless." *Cox v. Commonwealth*, 65 Va. App. 506, 521 (2015) (first alteration in original).

---

[8] The trial court also gave significant consideration to Lucas's status as a prior sex offender in assessing his violation of failing to report, indicated, for example, by the emphatic underlining of the phrase "registered sex offender" on the final decision/disposition form. Notably, it is difficult to discern the degree of emphasis the trial court placed on Lucas's status versus the offense.

My colleagues contend, in part, that even were the trial court's "incomplete explanation of its reasons for departure" an error, the error would be harmless. But this inference is not supported by the record. In the trial court's crystalline articulations, the grounds for its sentencing decision are clearly visible: "you came back again with probation not being able to adequately supervise you," the trial court admonished Lucas, "it's frustrating to see that you've put yourself in this position again." In these words, and others, there exists evidence in the record that, at a minimum, error affected the ultimate sentencing decision. And "'[u]nless "it . . . plainly appears from the record and the evidence given at the trial that" the error did not affect the [sentence],' we must reverse such sentence." *Resio v. Commonwealth*, 29 Va. App. 616, 623, 624 (1999) (second alteration in original) (citations omitted) (quoting *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005 (1991) (en banc)) (finding remand for resentencing necessary because the Court was "unable to conclude that the sentence was unaffected by consideration of [ ] reversed convictions"). Because it is plainly apparent that the trial court's error did affect the sentence, the error was not harmless. For this reason, I must respectfully dissent.